# Grand Tower Mining, Manufacturing and Transportation Co.

## *v.*

## Charles Schirmer *et al.*

1. Service—*garnishee process on corporation.* A garnishee summons issued by a justice of the peace against a private corporation, was returned by the constable with the following indorsement of service: "Served the within by reading to the within named company therein, January 15, 1870." Upon this, without any appearance, the justice rendered judgment by default: *Held*, that the service was a nullity and gave the court no jurisdiction.

2. Under the act of February 8, 1853, the service of process upon an incorporated company is required to be made upon its president, if he is a resident of the county, and if he is absent from the county, or does not reside therein, service shall be made by leaving a copy with any one of the several officers therein named. The statute requires the service to be made by copy, and the return should state the name of the person so served.

3. Injunction—*to restrain the collection of a void judgment under color of process.* Where the statutory mode of service of process was not pursued so

as to give a justice of the peace jurisdiction of the defendants, and he pro-
ceeded to render judgment.by default and issued execution thereon, upon
which a levy was made and the property advertised for sale, which facts were
set forth in a bill for injunction by the defendant against the justice of the
peace, constable and plaintiffs, to restrain the sale and perpetually enjoin
the collection of the judgment:  *Held*, that the facts disclosed entitled the
complainants to have the judgment and execution perpetually enjoined.

Appeal from the Circuit Court of Jackson county; the
Hon. Monroe C. Crawford, Judge, presiding.

Mr. Thomas G. Allen, and Mr. Lewis P. Butler, for
the appellant.

Messrs. Mayham & Layman, for the appellees.

Mr. Justice Walker delivered the opinion of the Court:

This was a suit in equity, brought by appellants, in the
Jackson circuit court, against appellees, to enjoin the collection
of an execution for $21.21 and costs, in favor of appellees and
against appellants, issued by a justice of the peace.    The bill
alleges that Toler & Deason recovered a judgment on the 30th
of August, 1869, against one William Golliher; that an ex-
ecution was issued and returned no property found; that af-
terwards, on the 8th of September, 1869, the proper affidavit
was filed before the justice of the peace, and a garnishee sum-
mons was issued against and served on appellants.

On the 16th of September, 1869, appellants answered and
were discharged by a judgment of the justice of the peace.  On
the 30th of the same month, another garnishee summons was
issued and served on appellants, who answered on the 10th of
the next October, and they were again  discharged and judg-
ment was rendered against the plaintiffs for costs.

On the 20th of November, .1869, a third garnishee sum-
mons was issued and served on appellants, which was re-
turned served on appellants, but the bill denies that it was
ever served, but that no further proceedings were had under
that summons.   On the 30th of December an execution was

issued upon the original judgment against Golliher, and was returned "no property found." On the 14th of January, 1870, a fourth garnishee summons was issued and served on appellants. This is the return: "Served the within by reading to the within named company therein, January 15, 1870." On this return the justice of the peace rendered a judgment by default for $32.15 and costs of suit.

The bill denies all indebtedness by the company from the date of the issuing of the summons until the time when the judgment was rendered, or at any time since that time; that the garnishee judgment included the costs of the previous proceedings in garnishment, and for which judgment had been rendered against the plaintiffs; that an execution was issued on this judgment against appellants and placed in the hands of a constable of the county, who had levied the same on four of appellants' mules, and had advertised them for sale and was threatening to sell them to satisfy the execution. The bill prays an injunction to restrain the sale of the property and to perpetually enjoin the justice of the peace from ever issuing another execution on the judgment.

A temporary injunction was issued. At the next term of the court defendants appeared and filed their demurrer to the bill, and entered a motion to dissolve the injunction. On a hearing, the court sustained the demurrer, dissolved the injunction and dismissed the bill. Suggestions were filed, and the court awarded $20 damages for wrongfully suing out the injunction. An appeal was prayed, granted and perfected to this court.

The act of February 8th, 1853, provides that, in all suits brought against an incorporated company, process shall be served upon the president thereof if he resides in the county; and if absent from the county or does not reside therein, the service shall be made by leaving a copy of the summons with any clerk, cashier, secretary, engineer, conductor, or any agent of such company found in the county, at least five days before the trial, if the suit be brought before a justice of the

peace, and at least ten days when suit is brought in the circuit court.

In this case, there is no pretense that there was any such service. The constable says in his return that he served the summons by reading it to the company. He fails to state to whom he read it. He does not indicate whom he regarded as being the company. And even if he had, he says he served it by reading, when the statute requires the service to be made by leaving a copy with one of the persons specified. The officer making the service was bound to pursue the requirements of the statute. He is not invested with power to substitute another and different mode from that pointed out in the statute.

This return fails to show that there was statutory service, and none other can be adopted. The effort at service was unwarranted and is a nullity, precisely as though there had been no effort to make service. There being no service, the justice of the peace failed to acquire jurisdiction of the corporation, and hence the judgment and all subsequent steps taken by him were absolutely void, and the court below erred in sustaining the demurrer, dissolving the injunction and dismissing the bill. The facts disclosed in the bill, if true, entitled complainant to have the judgment and execution perpetually enjoined.

The decree of the court below is reversed and the cause remanded.

*Decree reversed.*