Hinman v. Andrews Opera Co., use of, etc.

1. *Garnishment.*—A garnishee may be, and indeed for his own safety is, bound to inquire into the validity of the proceedings against his creditor to the extent of seeing that the court had jurisdiction to render the judgment against his creditor.

2.  *Service of Process—Corporation.*—To give a justice's court jurisdiction to render a judgment against a corporation in attachment proceedings service must have been had either by leaving a copy of the writ with some of its officers, agents or employes, in accordance with the provision of Sec. 21, Ch. 79, R. S., or by posting notices and mailing a copy of such notice, addressed to the defendant at its place of residence, in compliance with the requirement of Sec. 51, Ch. 11, R. S.; and where, in an attachment against the Andrews Opera Company, an officer in his return stated that he had " personally served the within writ, by reading to Frank Peckett and V. C. Hinman, garnishees, and by reading said writ to the within named defendant, G. W. Moody, C. W. Andrews," *it was held* that a judgment rendered upon such services was void for want of jurisdiction.

3.  *Service of Process—Partnership.*—At the common law, where a partnership is sued, each member of the firm must be brought within the jurisdiction of the court by service of process.  Actions against partnerships are instituted against the several persons composing the firm, and not against the firm as an entirety, distinct from its members.

4.  *Attachments Against Partnership.*—Sec. 3, Ch. 11, R. S. authorizing attachment proceedings against a partnership by its firm name, is not intended to abolish the common law rule relating to the service of process in suits against partnerships.

5.  *Attachments Against Partnership.*—Attachment proceedings will not be sustained against a partnership as an entity, unless the grounds for attachment exist against all the partners, and this rule is said to be universal, whether in a jurisdiction where, by special statute, judgments against a partnership may be rendered, though not all the partners are served with process, or where the common law rule that the judgment is against the members of the partnership prevails.

6.  *Attachment Against Partnership—Affidavit—The Rule under the Statute.*—Under our statute an attachment against a partnership by the firm name as an entity, can only be sustained when the affidavit discloses grounds of attachment against each of the partners, and all must be brought within the jurisdiction of the court.

**Memorandum.**—Writ of attachment.  Appeal from a judgment for the plaintiff, rendered by the Circuit Court of Coles County; the Hon. FRANCIS M. WRIGHT, Circuit Judge, presiding.  Heard in this court at the November term, A. D. 1892.  Opinion filed June 5, 1893.

## APPELLANT'S STATEMENT OF THE CASE.

This is a suit in attachment brought by W. S. Cunningham against Andrews Opera Company before a justice of the peace.  Judgment was rendered by the justice against the opera company *in personam,* upon the theory that the writ

was served upon said opera company. Garnishee summons was issued against defendant, Hinman, and judgment rendered against him by default, from which judgment Hinman appeals to this court.

APPELLANT'S BRIEF, WILEY & NEAL, ATTORNEYS.

Before judgment could be rendered against garnishee, there must have been valid judgment either *in personam* or *in rem* against the Andrews Opera Company. Sections 54 and 55, Ch. 11, R. S. Ill.; Sec. 10, Ch. 62, R. S. Ill.

To render a valid judgment the justice must have had jurisdiction of the subject-matter and of the person of the defendant. Nothing will be presumed in favor of the jurisdiction of an inferior court. Shufeldt et al. v. Buckley, 45 Ill. 223.

Jurisdiction must affirmatively appear. Presumptively the Andrews Opera Company is a corporation. The United States Express Co. v. Bedbury, 34 Ill. 459; Clarkson et al. v. E. & N. S. Despatch, 6 Brad. 284.

A garnishee may inquire into the legality and regularity of the previous proceedings against the judgment debtor and that it is the duty of the court whenever it appears that the writ of garnishment was improvidently issued to dismiss the proceedings. Pierce v. Carleton, 12 Ill. 358; Chanute v. Martin, 25 Ill. 63; Pierce, use, etc., v. Wade, 19 Brad. 185; Empire Car Roofing Company v. Macey, 115 Ill. 390.

The validity of a judgment may be questioned in a collateral proceeding, and if it appears that there was no jurisdiction, or if the judgment be in an inferior court and the record does not show affirmatively jurisdiction of the person, such judgment is void. Hayward v. Collins, 60 Ill. 328; Goudy v. Hall, 30 Ill. 109; Miller v. Handy, 40 Ill. 448; Campbell v. McCahan, 41 Ill. 45; Clark v. Thompson, 47 Ill. 26; Thatcher v. Powell, 6 Wheaton (U. S.) 119.

APPELLEE'S BRIEF, A. J. FRYER AND JOHN M. HAYES, ATTORNEYS.

There is no presumption, as contended by appellants, that an artificial being called a corporation is a corporation.

If an association of persons should act and do business—make contracts under a name which imports a corporation, they would be estopped from denying it, but this would not make it a corporation, nor raise any presumption that it was. U. S. Ex. Co. v. Bedbury, 34 Ill. 459.

OPINION OF THE COURT, BOGGS, J.

William S. Cunningham procured a writ of attachment to be issued by a justice of the peace of Coles County against the Andrews Opera Company. The affidavit alleged that the Andrews Opera Company was indebted to Cunningham in the sum of $50, and that said "Andrews Opera Company is not a resident of this State, but that they reside in Mankato, Minnesota."

The return of service of the attachment writ is as follows: "Personally served the within writ by reading to Frank Peckett, U. G. Hinman, garnishees, and by reading said writ to the within named defendant, G. W. Moody, C. W. Andrews."

In the transcript of the proceedings before the justice of the peace, the finding as to the service is: "It appears that the Andrews Opera Company was served by attachment on the 1st day of December on G. W. Moody, Treas., and C. W. Andrews, a partner."

Judgment by default was rendered by the justice of the peace against the Andrews Opera Company, and against the garnishees a conditional judgment was rendered, which, upon a final hearing, was made absolute as to the appellant, Hinman, who prosecuted an appeal to the Circuit Court of Coles County, and being there defeated, brings the case by appeal to this court.

Two questions are here presented:

First, can Hinman, as garnishee, inquire into the validity of the judgment against the opera company?

Second, is the judgment rendered by the justice of the peace against the opera company, void for lack of jurisdiction over the person of the defendant?

The first question may be readily answered in the affirmative.

A garnishee may be, and indeed, for his own safety is, bound to inquire into the validity of the proceedings against his creditor, to the extent of seeing that the court had jurisdiction to render the judgment. Pierce v. Carleton, 12 Ill. 358; 8 Amer. & Eng. Ency. of Law, p. 1218.

Our answer to the second question is that we think the judgment void.

If the Andrews Opera Company be regarded as a corporation, jurisdiction to render the judgment must have been obtained either by leaving a copy of the writ with some one of its officers, agents or employes, in accordance with the provision of Sec. 21, Chap. 79, R. S., or by posting notices and mailing a copy of such notice addressed to the defendant at its place of residence, in compliance with the requirements of Sec. 51, Chap. 11, R. S.

Service was not obtained by either of these modes. The action of the officer in reading the writ to the persons named in the return did not confer jurisdiction upon the justice to proceed against the corporation. Grand Tower Mining Co. v. Schirmer, 64 Ill. 106.

The name of the defendant would indicate that it is a corporation, and if that be so, the judgment is void, for the reasons given.

It is suggested that the Andrews Opera Company is a partnership, and that C. W. Andrews, a member of the firm, was duly served with the writ. This suggestion, it is thought, is aided by the transcript of the proceedings before the justice, in which appears the finding that the defendant opera company had been served " by attachment " on G. W. Moody, treasurer, and C. W. Andrews, a partner. If we accord to this finding of the justice all that is claimed for it, and it be conceded that the opera company is a partnership, still we think the justice of the peace was wholly lacking in jurisdiction to render a judgment against the firm, and none other was rendered.

At the common law, where a partnership is sued, each member of the firm must be brought within the jurisdiction of the court, by service of process. Such actions are insti-

tuted against the several persons composing the firm, not against the firm as an entity, distinct from its members. Black on Judgments, Vol. 1, Sec. 237; Bates on Law of Partnership, Vol. 2, Sec. 1059.

In some of the States of the Union, by force of special enactment, suits may be brought against partnerships by their firm name as an entity, and in many such States special enactments authorize the rendition of a judgment against a firm, though all the partners are not served. Such judgments bind only firm property, and are unknown in jurisdictions where there are not such special enactments. We have no such statute in Illinois, the rule here being as at the common law. The third section of chapter 11 of our Revised Statutes, authorizes attachment proceedings to be instituted against a defendant co-partnership by the firm name, but this is not intended to have the effect to abolish the common-law rule, as will be readily seen when the provision of section seven of the same chapter is considered.

The section last named provides that in all cases where two or more persons are jointly indebted as partners, or otherwise, and an affidavit shall be filed, as provided in the first section of the act, so as to bring one or more of such partners within its provisions and amenable to the process of attachment, then the writ of attachment shall issue against the property and effects of such as are brought within the provisions of the act and made amenable to the process of attachment, and as to the other partners or joint debtors, the requirement is that the writ shall direct the officer to summon all joint debtors or partners named in the affidavit, whether the attachment is against them or not, to answer to the action. When these two sections of the attachment act are considered together, it is seen that though a partnership may be proceeded against in attachment by the firm designation, the affidavit must name the several persons composing the firm, all of whom are to be brought into court as at the common law. Service upon but one partner would not therefore be sufficient to authorize the rendition of a judgment against the firm in attachment.

Attachment proceedings will not be sustained against a

partnership as an entity, unless grounds for attachment exist against all the partners.   This is said to be universal, whether in a jurisdiction, where, by special statute, judgments against a firm as an entity may be rendered, though not all the partners are served, or where the common law rule, that the judgment is against the members of the partnership, prevails.   Bates' Law of Partnership, Vol. 2, Sec. 1117.

Under our statute an attachment against a partnership, by the firm name as an entity, can only be sustained when the affidavit discloses grounds of attachment against each of the partners, and all must be brought within the jurisdiction of the court.   If grounds for attachment exist only against some of the members of the partnership, an attachment can not be sustained against the partnership.

In the case at bar, we are unable to discover, from the affidavit upon which the writ is based, or otherwise from the record of the proceedings before the justice of the peace, who the partners are, if the defendant be a firm, or that grounds for an attachment existed against either or any of the partners.

The judgment rendered by the justice of the peace against the opera company, whether such company be a corporation or a copartnership, is, we think, void for the lack of jurisdiction over the person of the defendant.   The judgment against the appellant as garnishee must therefore be reversed, which is accordingly done and the cause remanded.