## FITZHUGH v. ORTON.

An injunction to restrain the execution of a judgment of a Justice of the Peace, will not be granted for error in the decision, where the party, through negligence, has failed to prosecute a *certiorari*, or where he has any other adequate and complete remedy.

Where a set-off is pleaded, and it is ruled out by the Court on the ground that the claim so pleaded does not come within the provision of the law providing for set-offs, the party may subsequently sue on such claim, and its having been so pleaded will be no bar to the suit.

Appeal from Collin. The appellant filed his petition for injunction against a judgment of a Justice, in favor of appellee, on the ground that two accounts for house rent, fence-rails and firewood, which he had filed in set-off, and given legal notice of to the plaintiff in the judgment, were ruled out by the Justice, and judgment given for the full amount of the note sued upon, viz: the sum of fifty-five dollars and thirty cents, principal and interest. He charges such decision to be contrary to equity and good conscience; and that if the money on the judgment be collected, he will be wholly without remedy.

The judgment was rendered on the 2nd August, and the petition for injunction was filed in December, 1851. On this showing, an injunction was issued. The defendant demurred,

and, among the special causes, assigned that the plaintiff had not alleged that the claims, sought to be discounted, were similar in their nature to the demand of the plaintiff in the original suit.

The plaintiff amended his petition, alleging his employment of an attorney to sue the defendant on the matters pleaded in set-off, his failure to prosecute such suit until the defendant had left the State, and his being then informed that having pleaded his demand in set-off, he could not have successfully prosecuted such suit.

The injunction was dissolved, the petition dismissed, and the plaintiff appealed.

*J. E. Cravens*, attorney for appellant.

HEMPHILL, CH. J. The grounds on which the injunction is sought, are wholly insufficient. The plaintiff does not specify the ground on which his off-set was ruled out, whether it was deemed inadmissible from its character, or rejected for the want of proof. But admitting (and such was probably the fact) that it was excluded as from its nature inadmissible, and that such decision was erroneous, yet this would be no ground for injunction. The defendant had other remedies applicable to his case, and provided for by law. He might have sued on his excluded off-sets, and, if meritorious, recovered judgment. His claims had not been considered and adjudicated upon their merits, and consequently he was not by the plea in off-set precluded from his separate action ; or he might have removed the cause by *certiorari* to the District Court, where the errors, if any, committed by the magistrate, might have been corrected, and the rights of parties speedily, and with a less accumulation of costs, adjusted.

To the decision of this case, it is not necessary to examine the action of the magistrate, and determine whether there was error or not in the exclusion of the set-off, and define the char-

acter of discounts which may be set up in a magistrate's Court. By the 36th Section of the Justice's Court Act, the defendant is allowed to prove any claim or demand not exceeding one hundred dollars, exclusive of interest, against the plaintiff, that is similar in its character to the demand of the plaintiff, (Art. 1723,) and, by the first Section of the Act allowing discounts and set-offs, he is authorized, when sued for debt, to make all the discounts he can against such debt.

Whether the rights of a defendant, as recognized under the General Law of Discounts, are enlarged or abridged, and in what respects, by the provision in the Justice's Court Act, and what is the purport of the requisition in the latter that the claim of the defendant must be similar in its character to that of the plaintiff, can be ascertained and defined, when a case, requiring a decision on such points, is presented.

But in this case the plaintiff has mistaken his remedy, and we deem it inexpedient to discuss and settle questions, which, had they been properly presented, would have required consideration. As some of these questions have been argued by appellant, there is no impropriety in saying that we adhere to the views heretofore expressed in reference to the statutes of set-off, that a leading principle in our law and system of procedure is, to avoid a multiplicity of suits, and to settle in one action the respective claims of parties when they are of such a nature as to admit of adjustment in that mode. (3 Tex. R. 272.)

We are of opinion that there is no error in the judgment, and that the same be affirmed.

Judgment affirmed.