## GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. HENRY J. WARE.

### No. 6208.

1. **Sheriff's Return—Service on Corporation.**—A sheriff's return, "Came to hand on the thirteenth day of April, A. D. 1883, and executed the same day of April, A. D. 1883, by delivering to the defendant the G. H. & S. A. R. R. Co. in person by and through H. B. Andrews, the vice-president thereof, a true copy of this citation," is defective in not showing that service was made by the sheriff.

2. **Void and Voidable Judgments—Injunction.**—Injunction was sought by the railway company to restrain a number of judgments rendered against it in a Justice Court. *Held*, that while the judgments were voidable because rendered upon a defective service, still resort should have been had to the statutory mode of correcting the errors in the several judgments, viz., appeal or certiorari. Where such remedies were neglected relief by injunction will be denied.

3. **Same.**—Inasmuch as some of the judgments sought to be enjoined were for less than twenty dollars it was error to dissolve the injunction as to them, the right to appeal not existing.

4. **Expenses in Resisting an Injunction.**—In this State the expenses of the defendant in obtaining a dissolution of an injunction, as attorney fees, loss of time, etc., can not be allowed as damages.

5. **Exemplary Damages** can not be imposed upon a client for the act of his attorney in absence of ratification or of participation by the client.

APPEAL from Kinney. Tried below before Hon. T. M. Paschal. The opinion states the case.

*Solon Stewart*, for appellant.

*J. A. Ware* and *Clamp & Clamp*, for appellee.

GAINES, ASSOCIATE JUSTICE.—The appellant corporation brought this suit to enjoin executions upon certain judgments rendered against it in the Justice Court of precinct number one of Kinney County in favor of appellee. A preliminary injunction was issued which was dissolved upon

motion by an interlocutory order.    Upon final hearing judgment was rendered denying the plaintiff any relief and awarding to defendant damages actual and exemplary for the wrongful suing out of the writ.

One of the grounds upon which the injunction was sought was that the judgments were rendered on a day on which the justice was not authorized by law to hold his court.    The precise question presented by this ground for injunction was considered in cause No. 6192 between the same parties, and was on a former day of this term decided adversely to appellant.

But in this case the executions were asked to be enjoined upon the further ground that the returns of the officer upon the citations in the suits in which the judgments were rendered did not show that they were served as required by the statute.    The return upon each of the citations was as follows:

"Came to hand on the 13th day of April, A. D. 1883, and executed on the same day of April, A. D. 1883, by delivering to the defendant the Galveston, Harrisburg & San Antonio Railroad Company in person, by and through H. B. Andrews, the vice-president thereof, a true copy of this citation."

In the case of Broussard v. Railway Company, at the Galveston Term, 188—, there was a motion to dismiss the writ of error on the ground that the sheriff's return upon the citation in error was insufficient.    The return in that case was as follows:    "Came to hand July 20, 1888, at 10 o'clock a. m., and was executed by delivering to the Sabine & East Texas Railway Company, through W. C. Averill, its local agent at Beaumont, a true copy of this writ and returned."

This return was held fatally defective and the cause was stricken from the docket.    There was no written opinion upon the motion, but the ground of the ruling was that the return indicated that the service was made by the agent delivering the copy, when it should have shown clearly that it was delivered to him by the officer.    That ruling is decisive of the question of the validity of the officer's return under consideration in the present case.    They are defective and are not sufficient to support the judgments.    The petition for injunction alleges that there was no other service and that the defendant did not appear.    It has been held in this court that executions upon judgments so rendered may be enjoined, and the ruling is in accordance with the great weight of authority.    Edrington v. Allsbrooks, 21 Texas, 186; Willis v. Gordon, 22 Texas, 241; Witt v. Kaufman, 25 Texas Supp., 384; Blakesley v. Murphy, 44 Conn., 188; G. T. M. M. & T. Co. v. Schirmer, 64 Ill., 106; Hickey v. Stone, 60 Ill., 458; Grass v. Hess, 37 Ind., 193; Chambers v. Bridge Manf., 16 Kans., 270.

In case of a void judgment the party against whom it is rendered is not compelled to show a defense to the action in order to enjoin it.    If

he admits the indebtedness he is not bound to bring the money into court.   Edrington v. Allsbrooks, *supra.*

But whether he is entitled to the writ of injunction when he might have appealed or sued out a writ of certiorari seems not to have been decided in this court.   In Fitzhugh v. Orton, 12 Texas, 4; Musgrave v. Chambers, Id., 32; Long v. Smith, 39 Texas, 161; and Manning v. Hunt, 36 Texas, 118, the plaintiffs were denied relief by injunction because they had a remedy by appeal or certiorari, but the judgments which were sought to be enjoined in those cases were not void.   We are of opinion, however, that the general rule of equity should apply, and that if the defendant in the void judgment has had an opportunity to avail himself of a legal remedy to vacate it and has neglected to make use of it, relief by injunction should be denied him.   Blakesley v. Murphy, 44 Conn., 193. The appellant in this case attempted to remove all these causes in which the judgments under consideration were rendered by one writ of certiorari. The certiorari was dismissed in the County Court because it sought to bring up all the cases in one writ.   The judgment of the County Court was affirmed in the Court of Appeals.   G. H. & S. A. Ry. Co. v. Ware, 2 W. & W. Ct. App. C. C., sec. 357.   As to all the cases where the amount in controversy exceeded twenty dollars he had a remedy by a writ of certiorari in each case.   It follows that the executions in these cases can not be enjoined.   There were some of the cases, however, in each of which, as is shown by the record before us, the amount sued for was less than twenty dollars.   As to them the appellant had no remedy except by injunction, and we are of opinion that as to the executions issued on these judgments the injunction should have been perpetuated.

We conclude therefore that the court erred in dissolving the injunction as a whole.   The motion to dissolve should have been sustained as to such of the executions as were issued upon judgments rendered in cases in which the respective sums in controversy exceeded twenty dollars, and should have been overruled as to the others.

During the trial the appellee offered evidence of the amount of personal expenses he had incurred in attending upon the court and the amount of money he had paid to attorneys in order to procure a dissolution of the injunction, and the court admitted the evidence over the objection of appellant.   The weight of authority in the State courts seems to be that reasonable counsel fees necessary to procure a dissolution of an injunction may be recovered as damages in the event the plaintiff in the injunction does not prevail in his suit.   2 High on Inj., sec. 1685.   But such does not appear to have been the practice in Texas.   On the contrary the case of Jordan v. David, 20 Texas, 712, seems to be an authority that in a suit on the injunction bond the attorney fees of the defendant in the original suit are not an element of damages to be recovered.   The opinion is very brief and the point is not noticed, but the statement of

the case shows that the question was presented and that if the attorney fees were recoverable it would have led to a reversal of the judgment, when in fact the judgment was affirmed.

Counsel fees in the original suit are not allowed as compensatory damages in suits for wrongfully suing out writs of attachment and sequestration, and we see no reason why a different rule should apply when an injunction has been wrongfully obtained. In Oelrichs v. Spain, 15 Wallace, 211, the Supreme Court of the United States hold that attorney fees can not be recovered in the United States Courts in suits on injunction bonds, and the conclusion is supported by very satisfactory reasons which need not be here repeated. The rule should apply also to such other expenses of the litigation as are not taxable costs in the suit.

We are also of opinion that there was no evidence to warrant the court in submitting a charge to the jury upon exemplary damages. The attorney who caused the writ of injunction to issue testified that he did it of his own motion under his general authority to represent appellant, and that he honestly believed that the judgments were void and could be enjoined. He had good grounds for his belief. We have had some difficulty in arriving at the conclusion that all the executions should not have been enjoined. There was no other evidence bearing upon the motives of appellant's officers or agents in causing the injunction to issue. If there had been any proof of malice on part of the attorney this could not have been imputed to his client without some evidence of ratification on part of his client after a knowledge of the facts. This is sufficient to dispose of the case. But we would not be understood as holding that exemplary damages are recoverable for maliciously suing out an injunction. We incline to the opinion that such damages are not recoverable. The doctrine seems to be recognized in High on Injunctions, sec. 1665, but the only case cited in support of the text is Brown v. Tyler, 34 Texas, 168, in which the question was not involved. The statutory allowance of ten per cent damages in cases where the collection of money has been enjoined and the injunction procured for delay are in the nature of a penalty and tend to indicate that no other exemplary damages are to be allowed.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 14, 1889.