TEXAS–MEXICAN RAILWAY COMPANY
v. J. A. WRIGHT ET AL.

No. 309.

1. **Citation Against Railway Company.**

A citation directing the officer to summon an agent of the railway company, served upon the agent named in the citation, does not give the court jurisdiction of the railway company; and a judgment rendered upon such service is void ................................................................. 349

2. **Void Judgment—Legal Remedy—Injunction.**

The defendant in a void judgment can not resort to the equitable remedy of injunction until the legal remedy by certiorari has been exhausted. While he can apply for a certiorari, he is not entitled to an injunction .......... 349

**3. Levy—Property Pointed Out by Defendant.**
    Under article 2287, Revised Statutes, a defendant desiring to point out for
    levy personal property, shall deliver such property into the possession of
    the officer.   See example not in compliance with the statute.............. 350

**4. Real Estate of Railway Company.**
    Both the real and personal property of railway companies is subject to execu-
    tion, and depot grounds thus are liable.   It does not appear that the grounds
    levied upon had been acquired by condemnation proceedings.............. 350

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Duval County.

The opinion gives a full statement.

*Dodd & Mullally,* for plaintiff in error.—In order that this court may more readily understand the scope of the conceived error of the Court of Civil Appeals and of the trial court, we will state the questions involved:

1.   The judgment in favor of Wright against plaintiff in error, rendered in the Justice Court, and which plaintiff seeks to restrain, is void, not voidable.   Railway v. Rawlins, 80 Texas, 580.

2.   Being void, is injunction a proper or permissible remedy when applied for within ninety days after its rendition? or must the remedy by certiorari be invoked?

3.   Waiving the nullity of the judgment, or rather the contention that injunction under the circumstances alleged was a proper remedy to restrain a proceeding under a void judgment, when the remedy by certiorari was available for such purpose, then was injunction a proper remedy to restrain a sale of property levied upon in violation of law, even granting a valid judgment and execution?

In Witt v. Kauffman, 25 Texas Supplement, 384, the facts were identical with this case.   It was there held, after reciting the facts that rendered the judgment void, "the defendant therefore was entitled to have it so declared, and the proceedings under it enjoined."

This court, in 21 Texas, 186, and in 22 Texas, 241, hold substantially to the same doctrine.   This doctrine, as announced by this court in the decisions above cited, is in keeping with the weight of our American courts upon the subject.   In fact it is, as we understand, elementary, "that a judgment will be enjoined where it was rendered against the defendant without service of process, so that he was ignorant of the pendency of the action against him."   "Nor will the court inquire whether or not the defense could have been made at law, as no opportunity to defend was given."   10 Am. and Eng. Encyc. of Law, 907, 908, and authorities cited.

"A personal judgment entered without notice to the defendant is rendered without jurisdiction, and is consequently void; an action to restrain such is a direct attack upon it, and may be maintained." McNeill v. Edie, 24 Kan., 108; Ridgeway v. Bank, 11 Humph. (Tenn.), 523.   To the same effect, see Owens v. Ranstead, 22 Ill., 161; Harshey

v. Blackmar, 20 Iowa, 161; Blakeslee v. Murphy, 44 Conn., 188; Crafts v. Dexter, 8 Ala., 767; Stubbs v. Leavitt, 30 Ala., 352; Bell v. Williams, 1 Head, 229; Ryan v. Boyd, 33 Ark., 778.

The petition seeking to restrain the void judgment clearly and by positive averments negatives the justice of the plaintiff's cause of action, and therefore fully meets the views of this court in the case of Sharp v. Schmidt, 62 Texas, 263, and other cases, in which it is announced, that in the petition for injunction to restrain proceedings under a judgment rendered without service of process, it must be made to appear, by positive averment of facts, that the result would be different on another trial.

It is therefore to our minds conclusive, that the Court of Civil Appeals erred in refusing to grant our motion for a rehearing upon the second ground of said motion, and which arises out of the first error assigned and propositions thereunder. It is equally as apparent to us, that the Court of Civil Appeals erred in not granting a rehearing in response to our first ground discussed in the motion. Granting that the execution was a valid writ, issued upon a valid judgment, then our contention is, that the manner of its attempted enforcement was illegal and in palpable violation of our statutes, and that injunction was not only a proper remedy, but was the only remedy open to us to avoid the wrong. Rev. Stats., arts. 2287, 4259, 4261, 4262; Ross v. Lister, 14 Texas, 469; Cook v. De la Garza, 13 Texas, 436; Smith v. Frederick, 32 Texas, 256.

*C. L. Coyner, S. H. Woods,* and *George B. Hufford,* for defendants in error.—A petition for injunction restraining an execution sale of real estate under a void judgment, which shows on its face that the amount of such judgment was over $20, and that at the time of the making of the application for injunction ninety days had not elapsed from the date of the rendition of such judgment, and which fails to show any reason why petitioner did not avail himself of the remedy of certiorari, is not sufficient to invoke the equitable powers of a district judge, and is subject to a general demurrer. Railway v. Ware, 74 Texas, 47; Railway v. Rawlins, 80 Texas, 70; Anderson v. Oldham, 18 S. W. Rep., 575; Wood v. Lennox, 23 S. W. Rep., 813; Woods v. Western, 1 Texas, 1; Railway v. Bacon, 21 S. W. Rep., 783; Railway v. Henderson, 83 Texas, 70; Smith v. Ryan, 20 Texas, 661; Hamblin v. Knight, 81 Texas, 351; Harrison v. Crump, 1 Ct. App. C. C., secs. 990, 1210; Hilliard on Injunc., p. 214, sec. 135; High on Injunc., sec. 230; Freem. on Ex., sec. 435.

BROWN, ASSOCIATE JUSTICE.—The plaintiff in error presented its petition to the Hon. A. L. McLane, praying a writ of injunction against J. A. Wright, C. L. Coyner, and John Larcade, in which it was alleged, in substance, that on the 26th day of February, 1894, J. A. Wright, by his attorney, C. L. Coyner, in a suit before James F. Mount, a jus-

tice of the peace in Duval County, recovered a judgment against the petitioner for the sum of $100, and for $11.70, costs of court, with interest at 6 per cent per annum from the date of judgment. That on the 17th day of March, 1894, Coyner, as attorney for Wright, procured James F. Mount to issue execution against petitioner, which was placed in the hands of defendant Larcade, acting as constable of precinct number 1 of that county, and instructed the said constable to levy upon property of the petitioner. That on the 21st day of March, 1894, the constable aforesaid demanded of petitioner's agent in San Diego a levy upon property to make the said judgment, and that petitioner's agent pointed out a box car of the reasonable value of $300, which property the said constable refused to levy upon, but levied the execution upon certain lots described in the petition, being the depot grounds of petitioner's railroad, worth $1000.

It was alleged in the petition, that when the said Wright filed his suit before the justice of the peace, citation was issued, directing the sheriff or any constable of the said county to summon W. H. Vannort, agent of the Texas-Mexican Railway Company at San Diego, Texas. That petitioner never appeared, nor in any way answered to the said suit, but that, service having been made upon the said W. H. Vannort, said justice of the peace rendered judgment against the petitioner in the said suit, as before stated, which judgment, the petitioner alleged, was void, because the said justice of the peace had no jurisdiction to render the said judgment as aforesaid.

The district judge granted the writ of injunction, which was issued as prayed for. The defendants appeared and excepted to the said petition upon several grounds, of which the following were sustained: (1) "That the petitioner had not exhausted its legal remedy of appeal from the judgment sought to be restrained;" and (2) "that appellant had not exhausted its legal remedy of certiorari." The petitioner having refused to amend its petition, the injunction was dissolved and the petition dismissed, from which judgment appeal was taken to the Court of Civil Appeals, by which court the judgment of the District Court was affirmed.

The plaintiff in error presents the case to this court upon three propositions: 1. That the judgment of the justice of the peace against it was void, and therefore that the injunction was properly granted. 2. That the levy upon the real estate belonging to the petitioner, when a levy upon personal property was tendered by its agent, was contrary to law, and that the injunction should have been sustained upon that ground. 3. Because the real estate levied upon was a part of and necessary to the use of the depot and station of the petitioner.

The judgment of the justice of the peace, enjoined in this case, was void, because the court which rendered it had no jurisdiction of the defendant. Railway v. Rawlins, 80 Texas, 581. But the court below and the Court of Civil Appeals correctly held, that the defendant in that judgment, having the right to a writ of certiorari, could not sue

out an injunction to stop the execution of the judgment. The case of Railway v. Ware, 74 Texas, 47, cited and followed by the Court of Civil Appeals, lays down the correct doctrine upon this question.

Article 2287 of the Revised Statutes requires, that in case the defendant in execution shall point out, for levy, personal property, such property shall be delivered into the "possession of the officer." The possession given must be such as places the property under the control of the officer, so that it could be delivered to the purchaser. The allegations of the petition in this case do not show that such possession of the box car was given to the officer in this instance. Ross v. Lister, 14 Texas, 469.

Article 10, section 4, of the Constitution, is in this language: "The rolling stock and all other movable property belonging to any railroad company or corporation in this State shall be considered personal property, and its real and personal property, or any part thereof, shall be liable to execution and sale in the same manner as the property of individuals."

The allegations of the petition show, that the land levied upon was the property of the defendant, and the Constitution makes no distinction on account of the use made of the land by the corporation. The question of the right to sell, under execution, depot grounds acquired by condemnation, in which the railroad company has only the right to use it for that purpose, is not before us in this case.

We find no error in the judgment of the Court of Civil Appeals, and it is affirmed.

*Affirmed.*

Delivered June 17, 1895.