## WARD v. POWELL et al.

(Court of Civil Appeals of Texas. San Antonio. Nov. 15, 1911.)

1. EXECUTION (§ 172*) — INJUNCTION—JURISDICTION.

Under Sayles' Rev. St. 1895, art. 2996, which provides that injunctions granted to stay proceedings in a suit or execution on a judgment shall be returnable to the court where such suit is pending or such judgment was rendered, a county court has jurisdiction to enjoin proceedings on an execution for costs out of that court.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 519–539; Dec. Dig. § 172.*]

2. EXECUTION (§ 172*)—INJUNCTION—EXECUTION FOR COSTS.

A county court on August 23, 1910, rendered a judgment for defendant for costs accrued in the justice's court, in the county court, and in the Court of Civil Appeals, to which the case had been taken on a former trial by the

plaintiff. On the appeal to the Court of Civil Appeals, that court had adjudged against the defendants all costs of the appeal. Plaintiff's counsel invoked no remedy to reform the judgment so as to charge defendant with the costs of the former appeal. Held, on an application to make perpetual a temporary injunction against defendant's execution for costs, that, as the plaintiff had neglected to resort to a legal remedy to vacate such judgment, injunction would not issue, whether the judgment therefor was void or not.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 172.*]

3. APPEAL AND ERROR (§ 119*)—DECISIONS REVIEWABLE—JUDGMENTS AS TO COSTS.

A judgment for costs is reviewable by appeal or writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 823–839; Dec. Dig. § 119.*]

Appeal from Uvalde County Court; T. M. Milam, Judge.

Application by J. W. Ward to make perpetual a temporary injunction restraining the collection of costs by J. C. Powell and others. From a judgment dissolving the injunction, applicant appeals. Affirmed.

See, also, 127 S. W. 851.

Love & Williams, for appellant. Martin, Old & Martin, for appellees.

JAMES, C. J. The amended petition of J. W. Ward, filed in the county court of Uvalde county, alleged: That on August 22, 1910, in a certain cause styled "J. W. Ward v. J. C. Powell," the said county court rendered a judgment in favor of Powell for all costs in said cause which had accrued in the justice's court, and in said county court, and in the Court of Civil Appeals, to which court the case had on a former trial been taken by the said Ward. That on the appeal to the Court of Civil Appeals said court adjudged against Powell all costs of the appeal, and subsequently an execution issued from the Court of Civil Appeals against Powell and such costs collected from Powell amounting to $41.50. That the error in said county court judgment, adjudging said Court of Civil Appeals' costs against applicant, was not discovered until after the adjournment of the term; but immediately on discovery of same this petitioner filed a motion with the clerk to correct said error. That, in spite of the fact that said motion had been filed and was then pending, the said Powell caused the clerk to issue an execution for costs, which execution has been restrained under the original petition filed in this cause. That plaintiff has paid all the costs adjudged against him in said cause except those accruing in the Court of Civil Appeals. That such of said judgment as relates to or attempts to adjudicate between the parties the payment of said Court of Civil Appeals costs was and is void for the reason that said court had no jurisdiction over the same.

Wherefore he prayed that the temporary writ be made perpetual. Defendants pleaded to the jurisdiction of the court, also by general denial, and alleged that the judgment was not complained of during the term at which it was rendered, which term ended on September 3, 1910, but that on September 9th, in vacation, plaintiff filed a motion to reform the judgment, and that said motion was abandoned by plaintiff; that said judgment was in all things regular; that if it was voidable plaintiff failed to resort to his adequate legal remedy, which was an appeal from the judgment.

[1] The plea of the jurisdiction was overruled, and properly so. Under article 2996, Sayles' Rev. St., the county court had jurisdiction to enjoin proceedings on an execution issued out of that court. See T. P. Ry. Co. v. Butler, 102 Tex. 322, 116 S. W. 360.

Appellant assigns as error that the court erred in its conclusion of law, wherein it found that the judgment against Ward for the costs of the Court of Civil Appeals was not void. Appellant insists that it was void because the court had no jurisdiction over the subject-matter; the Court of Civil Appeals having exercised jurisdiction over and adjudicated that matter.

[2] Whether the judgment was void or simply erroneous is in our opinion unnecessary to decide. It was decided in Railway v. Ware, 74 Tex. 49, 11 S. W. 918, that relief by injunction should be denied even in the case of a void judgment, where the applicant had an opportunity to avail himself of a legal remedy to vacate it and has neglected to make use of it. This rule was approved in Railway v. Wright, 88 Tex. 349, 31 S. W. 613, 31 L. R. A. 200.

The court found as facts that the judgment complained of was entered by the clerk in the minutes on August 23, 1910, and that there was no fraud of any kind by any person in the entering of the judgment; that applicant's counsel in that cause lived in Uvalde, had an office across the street from the courthouse, were both in Uvalde from the date of the judgment entry continuously until September 3d, when the court adjourned; that during said time both of applicant's counsel were at, in, and around the courthouse every day and had access to the minutes and could have without doubt ascertained the words and recitals of the judgment, but made no effort to ascertain what kind of a judgment had been entered; that on September 9th said counsel filed a motion to reform the judgment and retax the costs so as to charge Powell with the costs of the former appeal, which motion was set for hearing at a certain day; that before such date they notified opposing counsel and the judge that they abandoned the motion, and for that reason the motion was never heard; that no motion was made during the term, no notice of appeal given, and no effort made to appeal from the judgment.

There is no statement of facts, and we have only the findings of the judge. They are sufficient, in our judgment, to sustain the conclusion of law that applicant failed to avail himself of his legal remedy and was not entitled to invoke the equitable power of the court by writ of injunction.

[3] We think the facts found show no equitable excuse for not resorting to the right of appeal, or writ of error, both adequate legal remedies. The injunction was properly dissolved.

Judgment affirmed.