RAINWATER v. GWALTNEY et al.

(Court of Civil Appeals of Texas. Texarkana. May 29, 1913.)

JUSTICES OF THE PEACE (§ 128*)—JUDGMENT—INVALIDITY — ENFORCEMENT — REMEDY — INJUNCTION.

Where plaintiff's homestead was sought to be taken in satisfaction of a void justice's judgment, plaintiff was entitled to maintain injunction to restrain the application of the homestead to the satisfaction of the judgment, but not to have the judgment declared void under the rule that where defendant in a void judgment has an opportunity to avail himself of a legal remedy to vacate it, and has failed to do so, he may not obtain such relief by injunction.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 402–407; Dec. Dig. § 128.*]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by Mrs. Jeffie D. Gwaltney and others against D. T. Rainwater. Judgment for plaintiffs, and defendant appeals. Reformed and affirmed.

W. P. Donalson, of Dallas, for appellant. T. F. Lewis and J. C. Muse, both of Dallas, for appellees.

LEVY, J. Appellant recovered a judgment against Mrs. Gwaltney for $199 in the justice court. The judgment appears to be by default. It is a proven fact in the record that Mrs. Gwaltney was actually served with citation, and further actually knew that a judgment was entered against her at the time. In due time after the rendition of the judgment execution was issued, and it was levied upon certain real estate belonging to Mrs. Gwaltney. Mrs. Gwaltney brought the suit against D. T. Rainwater and the constable of the precinct for injunction to restrain the sale under execution of the prop-

erty on the ground that it was a homestead and therefore exempt. The petition also sought to enjoin executions generally upon the judgment of the justice court and to have canceled the record of an abstract of such judgment upon the ground that the judgment rendered against her was void because the body of the citation did not contain the name of the plaintiff in the suit. The court upon hearing granted the relief prayed for.

The facts support the finding of a homestead, and appellant admits that such finding is warranted. As the court had the power and it was proper to enjoin the sale of the homestead of appellee, the judgment entered in that respect is valid and should be here sustained. The judgment, however, went further than giving relief against the sale of the homestead, which is complained of by proper assignments of error. The judgment declares void the judgment of the justice court and proceeds to enjoin executions generally and perpetually upon the judgment of the justice court. This was error in the record, even if the judgment should be held void as claimed by appellee. And in passing on this question we merely assume that the judgment of the justice court was void. It has been held that where a defendant in a void judgment has an opportunity to avail himself of a legal remedy to vacate it, and has failed or neglected to avail himself of it, relief by injunction should be denied him. Railway Co. v. Ware, 74 Tex. 47, 11 S. W. 918; Railway Co. v. Wright, 88 Tex. 346, 31 S. W. 613, 31 L. R. A. 200. The judgment against Mrs. Gwaltney being for $199, she had a remedy by appeal or certiorari.

The judgment of the district court should be affirmed in so far as it enjoins the sale of the homestead of appellee, and reversed, and such relief denied in so far as it decrees as void the judgment of the justice court and the record of the abstract of such judgment and enjoins executions generally and perpetually upon such judgment, and it is here so reformed and affirmed. The costs of appeal will be taxed against the appellee Mrs. Gwaltney.

Reformed and affirmed.