ROBINSON v. GIBSON et al. (No. 7187.)

(Court of Civil Appeals of Texas. Dallas. June 27, 1914.)

JUSTICES OF THE PEACE (§ 128*)—JUDGMENT —RESTRAINING ENFORCEMENT—REMEDY.

Injunction does not lie to restrain the enforcement of a void judgment of a justice, where the right of appeal has not expired.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 402–407; Dec. Dig. § 128.*]

Appeal from Kaufman County Court; J. A. Cooley, Judge.

Action by J. L. Robinson against W. M. Gibson and another. From a judgment sustaining a general demurrer to the petition, plaintiff appeals. Affirmed.

Ross Huffmaster, of Kaufman, for appellant.

RASBURY, J. This is an appeal from the action of the judge of the court below in sustaining a general demurrer to appellant's petition seeking to enjoin the ·enforcement of an alleged void judgment rendered against him by the justice of the peace of precinct No. 1, Kaufman county, Tex.

The facts alleged by the petition are that appellees, on December 27, 1913, sued appellant in the justice court, precinct No. 8, of Kaufman county, on a claim for $42.05; that shortly after filing the suit the justice of the peace, who was related to appellees within the third degree of consanguinity, entered upon his docket the recitation that appellant had been served with citation, and that he had appeared before the justice and moved a transfer of the cause to precinct No. 1 of Kaufman county, which was ordered; that both said entries were false and untrue, for the reason that appellant had never been served with citation in said cause or voluntarily appeared therein, but that induced thereby the justice of the peace of precinct No. 1 entered judgment by default for the debt sued for against appellant on February 23, 1914, and was about to issue execution thereon and levy same upon property of appellant; that appellant had paid to appellee the amount of the debt sued for. The petition was filed February 27, 1914, and temporary writ of injunction was, on March 4,

1914, directed to and did issue. March 16, 1914, the case was regularly called for trial, and as stated a general demurrer thereto was sustained.

At the time appellant filed his petition for injunction, the time in which he could have appealed from the void judgment had not expired; the judgment by default having been rendered February 23, 1914, while the petition was filed February 27, 1914. The settled rule is that injunction will not lie to restrain the operation of a void judgment, where a legal remedy exists; and that the right of appeal is such a remedy, and must be exercised before resorting to injunction, has been decided affirmatively a number of times. G. H. & S. A. Ry. Co. v. Ware, 74 Tex. 47, 11 S. W. 918; Texas-Mexican Ry. Co. v. Wright, 88 Tex. 346, 31 S. W. 613, 31 L. R. A. 200; Rainwater v. Gwaltney (Civ. App.) 157 S. W. 1191. The rule stated is conclusive of the issues involved in the instant case, and makes it necessary to affirm the judgment of the court below.

Affirmed.