## OETTING et al. v. MINERAL WELLS CRUSHED STONE CO. (No. 7158.)

(Court of Civil Appeals of Texas. San Antonio. April 30, 1924. Rehearing Denied May 28, 1924.)

1. Appearance ⬳8(7)—Defendant by bringing error to review judgment made itself party to suit in which judgment was rendered.

The defendant, by suing out a writ of error to review judgment, made itself a party to the suit in which judgment was rendered and could not thereafter set up invalidity of such judgment after dismissal of writ of error by Court of Civil Appeals.

2. Judgment ⬳521—Action in district court to have county court's judgment declared void held a collateral attack.

Action in the district court to have a judgment of the county court declared void and enjoin execution thereunder is a collateral, and not a direct, attack on the judgment.

3. Judgment ⬳486(1) — Not subject to collateral attack unless void and not merely voidable.

A judgment is not subject to collateral attack unless void and not merely voidable.

4. Judgment ⬳497(2)—Reciting jurisdictional facts not void.

Judgment reciting personal service, not contradicted by record, when in reality there was no such service, is not subject to collateral attack, not being void.

5. Judgment ⬳407(5)—Defendant who made attack on judgment by writ of error not entitled to invoke aid of equity.

A defendant who made attack on judgment by writ of error dismissed for failure of defendant to file brief *held* not entitled to relief in equity by injunction against execution thereunder.

6. Equity ⬳64—Equity does not encourage sloth, but assists the diligent.

Equity does not encourage sloth, but assists the diligent.

Appeal from District Court, Palo Pinto County; J. B. Keith, Judge.

Suit by the Mineral Wells Crushed Stone Company against W. C. Oetting and others. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

Carroll McConnell, of Palo Pinto, for appellants.

Ritchie & Ranspot, of Mineral Wells, for appellee.

FLY, C. J. This suit was instituted by appellee against W. C. Oetting and W. J. Hale, to have a certain judgment in the county court of Palo Pinto county declared null and void and to perpetually enjoin W. C. Oetting, in whose favor the judgment was rendered, and W. J. Hale, a constable, who was about to levy an execution issued by virtue of such judgment, from levying said writ of execution and selling appellee's property to satisfy it. A temporary writ of injunction was issued, which, on a final trial, was made perpetual, and the judgment of the county court was declared null and void. The judgment was vacated on the ground that the suit was filed against the Mineral Wells Crushed Stone Company, a corporation, and citation issued to Geo. P. Maury, general manager of the Mineral Wells Crushed Stone Company, and the judgment was not against the corporation nor against the manager of the corporation, but was against the Mineral Wells Crushed Stone Company, which was not described as a corporation, a joint-stock company, an association, or a partnership, and that therefore the judgment was null and void.

The facts show that the citation issued to

Geo. P. Maury, general manager of 'the Mineral Wells Crushed Stone Company, a joint-stock company, that it had in the petition been alleged to be a private corporation, and the citation was served on the general manager, named, of the Mineral Wells Crushed Stone Company. The citation was served on April 7, 1920, and a judgment by default was rendered against the Mineral Wells Crushed Stone Company on February 22, 1921. On July 23, 1921, a writ of error was applied for by the Mineral Wells Crushed Stone Company to the Court of Civil Appeals for the Second Supreme Judicial District of Texas, and the cause was duly filed in that court. One of the grounds for the writ of error was that the plaintiff in error had 'never been served with citation. The cause was dismissed by the Court of Civil Appeals, because briefs had not been filed in time by the plaintiff in error, and a motion for rehearing was overruled. The judgment in the county court recites that the defendant Mineral Wells Crushed Stone Company was duly cited, but wholly made default.

[1] When the appellee herein sued out a writ of error to the Court of Civil Appeals of the Second District, and filed its briefs therein, it made itself a party to the suit, and the judgment of dismissal for failure to file the briefs in time was a binding judgment against it, and it could not set up the invalidity of the judgment from which it perfected its writ of error. Railway v. Wright (Tex. Civ. App.) 29 S. W. 1134, affirmed 88 Tex. 346, 31 S. W. 613, 31 L. R. A. 200.

[2-4] This action was a collateral attack upon the judgment of the county court and cannot be entertained unless the judgment was void and not merely voidable. Railway v. Hoffman (Tex. Civ. App.) 193 S. W. 1140. It was instituted in the district court, and had for its purpose the destruction of a judgment rendered in the county court. It was not a direct proceeding to have the judgment declared void, but was an indirect and collateral attack upon the judgment through injunction proceedings. The judgment in the county court carries on its face the evidence of validity. It recites jurisdictional facts which are not contradicted by the record, and it must be taken as a valid judgment unless shown to be invalid in a direct attack. This is the case with a judgment reciting personal service which is not contradicted by the record, when in reality there has been no such service. As said by this court in Dunn v. Taylor, 42 Tex. Civ. App. 241, 94 S. W. 347:

"While there is much confusion and seeming conflict among the Texas decisions as to what are void and what merely voidable judgments, one thing is settled, it appears, and that is, when the recitals in the judgment are such as to demonstrate the impossibility of there having been jurisdiction of the person or subject-matter, the judgment is void and subject to collateral attack."

But when the recitals of the judgment show jurisdiction of the person and the subject-matter it can only be assailed through a direct attack. In order that it be a direct attack, the suit must be brought in the same court in which the judgment was rendered. This doctrine has been recently repeated in the case of Edinburg Irr. Co. v. Ledbetter (Tex. Civ. App.) 247 S. W. 335, a decision of this court through Associate Justice Cobbs, where a quotation from the Dunn v. Taylor Case, is copied with approval, in which the distinction between a void and voidable judgment is clearly drawn.

[5, 6] Appellee went into a court of law, the one in which the cause was pending, and sought by a legal remedy to redress its supposed wrongs, but failed, and cannot now come into a court of equity and take another venture at attacking the judgment. It cannot now invoke the aid of equity to give relief which it failed to obtain by its own negligence. If it had prosecuted its writ of error with diligence, it could have obtained any redress that it deserved. Equity does not encourage sloth, but assists the diligent. Railway v. Ware, 74 Tex. 47, 11 S. W. 918; Race v. Decker (Tex. Civ. App.) 214 S. W. 709. Appellee had an adequate remedy at law.

The judgment is reversed, and judgment here rendered that the injunction be dissolved and that appellee take nothing by its suit.