## HERNANDEZ v. ALAMO MOTOR CO. et al.
### (No. 2089.)

Court of Civil Appeals of Texas. El Paso.
Sept. 22, 1927.

**1. Appeal and error ⚭770(1)—Where appellant filed no brief, but court's action presents question of fundamental error, appeal will be disposed of upon merits.**

Where appellant filed no brief, but action of court upon demurrer presented question of fundamental error, appeal will be disposed of upon its merits.

**2. Judgment ⚭407(4)—Where party, without excuse, did not avail himself of legal remedy by certiorari to vacate judgment, relief by injunction will be denied.**

Where one against whom judgment was entered did not avail himself of legal remedy by certiorari to vacate judgment, and no excuse was shown for neglect to do so, relief by injunction against enforcement of judgment will be denied.

Appeal from District Court, El Paso County; W. D. Howe, Judge.

Suit by A. G. Hernandez against the Alamo Motor Company and others. From a judgment sustaining a demurrer to plaintiff's petition, plaintiff appeals. Affirmed.

W. J. Bryan, of El Paso, for appellant.
Julian P. Harrison, of El Paso, for appellees.

HIGGINS, J. Appellant brought this suit against the Alamo Motor Company and W. A. Simpson, constable, to enjoin the execution of a judgment by default for $146.15, in favor of said company against appellant. The validity of the judgment was attacked upon the ground that appellant had not been served with citation in the suit. A temporary injunction was issued. Upon final hearing a general demurrer to the petition was sustained. Appellant declined to amend; thereupon the suit was dismissed.

[1] No brief by appellant has been filed, but the action of the court upon the demurrer presents a question of fundamental error for which reason the appeal is disposed of upon its merits. Counsel for appellee has submitted an able brief in support of the judgment, which has been of great assistance in the disposition of the appeal.

[2] The petition upon its face discloses that two weeks after the rendition of the judgment appellant became fully advised thereof. This shows that he might have availed himself of the legal remedy by certiorari to vacate the judgment complained of, and no excuse is shown for neglecting so to do. In such cases the settled rule in this state is that relief by injunction against the enforcement of the judgment will be denied. Railway Co. v. Ware, 74 Tex. 47, 11 S. W. 918;

Railway Co. v. Wright, 88 Tex. 346, 31 S. W. 614, 31 L. R. A. 200; A. B. Richards Med. Co. v. Johnson (Tex. Civ. App.) 267 S. W. 1067; Southern Surety Co. v. Texas, etc. (Tex. Com. App.) 281 S. W. 1045; A. B. Richards Med. Co. v. Dale (Tex. Civ. App.) 294 S. W. 345; Thacher Med. Co. v. Trammell (Tex. Civ. App.) 279 S. W. 307.

The petition is probably fatally defective in other respects, as pointed out in appellees' brief, but same need not be discussed, for the authorities cited are conclusive in support of the judgment sustaining the demurrer.

Affirmed.