## COHRAN v. FISCHER et al.

### No. 1200.

Court of Civil Appeals of Texas. Eastland.

May 12, 1933.

Rehearing Denied June 16, 1933.

B. F. Reynolds and Jeff A. Fowler, both of Throckmorton, for appellant.

T. R. Odell, of Haskell, for appellees.

FUNDERBURK, Justice.

This is an appeal from the judgment of the court below sustaining a general demurrer to the plaintiff's petition, and, upon refusal of the latter to amend, dismissing the case. The suit was brought to enjoin a judgment of the justice court of precinct No. 1, Throckmorton county, rendered in a suit for forcible entry and detainer. The judgment sought to be enjoined recited the appearance of the parties, the hearing of the pleadings, evidence, and argument, the verdict of a jury finding the defendant guilty of the charge as stated in the complaint, and adjudged to plaintiff a restitution of certain described premises. The ground alleged in plaintiff's petition in this suit to show that the judgment in justice court was void was that the bond filed by the plaintiff was invalid because it was not filed at the time of filing of the plaintiff's complaint.

Appellant by several propositions contends (1) that, to maintain in justice court a suit for forcible detainer, the relation of landlord and tenant must exist between the plaintiff and defendant, without which the court has no jurisdiction, and any judgment rendered would be void; (2) that the question of juris-

diction is determinable alone from the pleadings, and, unless affirmatively so shown, the court has no jurisdiction; (3) that in forcible entry and detainer it must be shown that plaintiff has had prior possession of the premises and the defendant is holding over against the will of the plaintiff; or that defendant has entered the premises without the consent of plaintiff; (4) that in such a case, if plaintiff does not file a bond at the time of filing his petition, the officer has no authority to eject the defendant from the premises until after a judgment and writ of restitution is obtained. It is apparent that these propositions go beyond the facts stated in the petition as showing a want of jurisdiction.

It seems to us too clear to require extended argument that none of these propositions raise a question of the total lack of jurisdiction in the justice court to render the judgment under attack. Under the Constitution (art. 5, § 19) and statutes (Rev. St. 1925, art. 2385) of this state, justice courts are courts of general jurisdiction in actions of forcible entry and detainer. Clayton v. Hurt, 88 Tex. 595, 32 S. W. 876, Rankin v. Hooks (Tex. Civ. App.) 81 S. W. 1005. In the first case cited it was contended that the justice court was without jurisdiction in a forcible detainer proceeding until the term had terminated, and that, since it appeared from the face of the complaint that it was a lease from month to month, the notice given only two days prior to the ending of the month did not in law terminate the lease. The effect of the court's holding was that the improper determination of either or all of the material facts in controversy in an action of forcible entry and detainer, although error, does not render the judgment void.

■ From the judgments rendered in such actions there exists a right of appeal to the county court. It is therefore apparent that the purpose sought to be accomplished by the injunction in this case is the same as would be accomplished by an appeal. "It is settled law that an injunction will not issue to serve the functions of an appeal, writ of error, writ of certiorari or bill of review." 24 Tex. Jur. p. 16; § 7.

We are therefore of opinion that there was no error in the action of the trial court as complained of, and that the judgment should be affirmed, which is accordingly so ordered.

### On Rehearing.

■ As stated in the original opinion, but one reason was alleged to show that the judgment in the justice's court was void. The reason stated was: "That the bond filed by the plaintiff was invalid for the reason that it was not filed in the time required by law because the same was not filed at the time of filing the plaintiff's complaint, as such complaint was filed on the 24th day of January and said bond was filed on the 25th day of January, 1933." This was at most a mere irregularity. The justice's court being a court of general jurisdiction in suits of forcible detainer, the irregularity, if it was such, could only be corrected by appeal or certiorari.

■ It is argued in appellant's motion for rehearing that "the case in justice's court was not a suit for forcible entry and detainer." The only reason given to support this statement, however, is: "That the plaintiff in the suit in justice's court was not in possession of the premises nor never had been when the suit was filed." That reason, it seems to us, would at most only show a defect in the complaint and not that the action was something different from an action of forcible detainer, and therefore a suit of which the court had no jurisdiction. This point was raised and determined at an early date in Chadoin v. Magee, 20 Tex. 476, and Gibson v. Moore, 22 Tex. 611. In the first case it was held that: "If, as alleged, the defendant therein had never been in possession, and had no right of action by forcible entry and detainer, his having instituted the proceeding would only put the defendants therein to the necessity of making their defence, to make manifest his want of right." In the second case the court said: "So, also, it has been decided, that an injunction will not lie, to restrain the prosecution of an action of forcible entry and detainer, on the ground that the plaintiff had never been in possession, and had not the right of possession, or of action. His having brought suit, without good cause of action, would only require of the defendant to interpose his defence, and assert his remedy in that form [forum?]."

In Gibson v. Moore the contention was also made, as here, that the justice's court was without jurisdiction. The materiality of that fact was denied on the authority of Smith v. Ryan, 20 Tex. 661, from which we quote as follows: "The want of jurisdiction would be as available a defence in that Court as in any other; and if it failed, the appellant had his remedy by certiorari, through his tenant in possession. * * * The injunction was therefore properly dissolved even upon the supposition that the petition showed that the Justice's Court had no jurisdiction of the case."

At the time Galveston, H. & S. A. Ry. Co. v. Ware, 74 Tex. 47, 11 S. W. 918, was decided, the law had been settled by judicial decisions that execution of a judgment could not be enjoined where the judgment was voidable, and there existed a remedy by appeal or certiorari. In the last mentioned case that rule was held to apply, not only to voidable judgments, but to void judgments as well. This holding was reaffirmed in Texas-Mex. Ry. Co. v. Wright, 88 Tex. 346, 31 S. W. 613, 31 L. R. A. 200.

The record does not support the contention, we think, that the pleading in justice's court shows that the action was not one for forcible detainer. Appellant recognized it as such by referring to it in his answer as "plaintiff's complaint in forcible entry and detainer." It is immaterial that the complaint on its face may have been defective. If it be granted that it was defective in stating a cause of action for forcible detainer, it certainly does not show that the action was one seeking to litigate a question of title to the land or was of some other character which it could be said that the justice's court was wholly without jurisdiction to entertain.

We are therefore of opinion that the motion for rehearing should be overruled, and it is accordingly so ordered.