## MILLER v. BURNET MERCANTILE CO. et al.
### No. 2900.

Court of Civil Appeals of Texas. El Paso.

Nov. 9, 1933.

Rehearing Denied Dec. 14, 1933.

Collins, Jackson & Snodgrass, of San Angelo, for appellant.

Thos. C. Ferguson, of Burnet, and Carl Runge, of Mason, for appellees.

WALTHALL, Justice.

Prior to the filing of this suit in the district court of Crockett county, the appellee, Burnet Mercantile Company, a corporation, as found by the court in this case, had filed a suit in the county court of Burnet county in cause No. 856 against T. E. Cobb and Rob Miller, in which former suit citation was duly served on each for the July term, 1932, of the Burnet county court. At that term Rob Miller filed his plea of privilege in said cause to be sued in Crockett county, the place of his residence. On the 18th day of August, 1932, at a regular term of the Burnet county court, the Burnet Mercantile Company, plaintiff in the suit, presented its demurrer to Miller's plea of privilege, which demurrer the court, by its order, sustained, thereby holding said plea of privilege to be insufficient, and, so far as the record shows, Rob Miller having no further answer in the case, judgment was entered in favor of the plaintiff Burnet Mercantile Company and against defendants T. E. Cobb and Rob Miller for the sum of $718.36, with costs and interest. So far as the record shows, no appeal or writ of error was prosecuted from the judgment of the Burnet county court. Thereafter in said suit execution was issued out of the county court of Burnet county against T. E. Cobb and Rob Miller and placed in the hands of W. S. Willis, sheriff of Crockett county, for execution.

Thereafter, on the 3d day of September, 1932, this suit was filed by Rob Miller in the district court of Crockett county against the Burnet Mercantile Company and W. S. Willis, alleging that the judgment theretofore rendered against him in the Burnet county court case was void, for the reasons stated, and prayed for a writ of injunction restraining its execution in Crockett county. The district judge of Crockett county, on the presentation of the verified petition and certain verified exhibits, granted and directed the issuance of a temporary writ of injunction as prayed for upon the filing of a bond, which was given, and the writ issued.

The defendants in this suit, the Burnet Mercantile Company and W. S. Willis, each filed answer. Willis answered that he was sheriff of Crockett county; that as sheriff

**506**

he had in his hands the execution from the county court of Burnet county, stating the direction of said writ; that he did not make a levy by reason of the injunction; that he has no interest in the matter other than as such sheriff, and asked to be discharged free of costs.

Defendant Burnet Mercantile Company answered by motion to dissolve the temporary injunction for reasons stated, viz.: Want of jurisdiction of the district court under article 4656 of the Statutes; the judgment of the Burnet county court is not void; the judge of the district court of Crockett county had no power, under article 4643 of the statutes, to grant the injunction, under the facts stated in the motion; defendant files its verified answer denying the material allegations of the petition. Answer by verified plea in abatement to the jurisdiction of the district court, the judgment of the Burnet county court not being void as affirmatively appears from plaintiff's petition; the jurisdiction to try the case is with the county court of Burnet county. Defendant further answered by general and special exceptions and general denial.

At the April term of the district court of Crockett county the case came on for hearing when the court sustained the motion to dissolve the injunction, and further sustained defendant's plea in abatement and dismissed the suit. The judgment recites that the court heard the evidence on the motion to dissolve and on the plea in abatement, and that both parties agreed to the statement of facts and approved by the court and filed as a part of the record.

The plaintiff, Rob Miller, duly prosecutes this appeal from the judgment of the court as above. The court by order suspended the judgment of the court pending appeal upon plaintiff giving the supersedeas bond fixed by the court.

### Opinion.

Appellant prosecutes this appeal upon one and the only proposition, as follows: "Since it affirmatively appears from the record of the Burnet County Court that Miller's plea of privilege in statutory form was duly and seasonably filed therein, and that Miller was never served with copy of any controverting affidavit or any notice of hearing thereon but that a general demurrer to his statutory plea of privilege was sustained as against Miller, the Burnet County judgment is void upon its face and may be attacked collaterally by injunction proceedings inatituted (evidently meaning instituted) in the District Court of Crockett County, Texas, when it is sought to be used against him in that County."

As sustaining the facts stated in the proposition, appellant in his statement under the proposition copies in his brief, from the statement of facts, the portion of the judgment of the Burnet county court in disposing of the Burnet Mercantile Company's demurrer to Miller's plea of privilege. Omitting the formal parts, it reads:

"Now on this the 18th day of August, A. D. 1933, came on to be heard and considered the plea of privilege by the defendant, Rob Miller, claiming a privilege to be sued in Crockett County, Texas, and it appearing to the court that service had not been obtained upon the said Rob Miller, together with a copy of the plaintiff's controverting affidavit, but did have actual knowledge of the setting of this hearing, and the plaintiff appearing by its attorney and urging its demurrer to the sufficiency of the said plea of privilege, and the court having heard the reading of such plea, and of plaintiff's demurrer, and also pertinent parts of the plaintiff's petition, finds that said plea of privilege is legally insufficient in that it fails to controvert or deny the allegations contained in the petition showing prima facie a venue in Burnet County, Texas, beyond the legal conclusion that 'no exception to the exclusive venue in the County of one's residence provided by law exists,' and that the said plea fails to negative the specific allegations contained in said petition alleging venue to be in Burnet County.

"Wherefore, it is ordered and considered by the court that the plea of privilege filed herein by the defendant Rob Miller, be overruled, and the plaintiff's demurrer thereto sustained, and that said plea is insufficient in law to require further controverting, and it is further ordered that all costs accrued in connection with said plea be taxed against the defendant, Rob Miller."

We have copied the above for the purpose only of showing the disposition made by the Burnet county court of the plea of privilege, disposed of it apparently by sustaining the demurrer to the plea and the plea in abatement. Apparently there was no controverting affidavit filed by appellee. The plea of privilege having been thus disposed of, and defendant, Rob Miller, the record shows, had been "duly and legally cited to appear and answer herein" to the merits, but, not having answered, the Burnet county court entered judgment for the plaintiff.

Now it is not our purpose to discuss or determine the question of error of the Burnet county court's holding in sustaining the demurrer and plea in abatement to the plea of privilege. The court could, and did, pass upon and test the sufficiency of the plea of privilege in sustaining the demurrer to the plea. The jurisdiction and power of the trial court to do so is well sustained by the authorities. In Yates et al. v. State et al. (Tex. Civ. App.) 3 S.W.(2d) 114, Judge Blair, for the Austin court, fully and clearly dis-

cusses the question and refers to many cases as so holding, to which we refer without copying them here. Also see Barnum v. Lancaster Hardware Co. (Tex. Civ. App.) 40 S.W.(2d) 1103, by the Dallas court. As we understand articles 2019 and 2020, R. C. S., the jurisdiction of the subject-matter of the plea remains in the court until the court, by affirmative action, surrenders that jurisdiction. Watson Co. v. Cobb Grain Co. (Tex. Com. App.) 292 S. W. 174; Texas-Louisiana Power Co. v. Wells (Tex. Com. App.) 48 S.W.(2d) 978.

If the Burnet county court was in error in sustaining the demurrer to the plea of privilege, the defendant in that case, Rob Miller, appellant here, had an adequate remedy at law by appeal or writ of error, as claimed by appellant, and, the judgment not being void, he may not now invoke the equitable remedy of injunction to restrain the execution of the judgment. Tex. Jurisprudence, vol. 25, pars. 224 and 225. Error in the exercise of jurisdiction is distinguished from lack of jurisdiction. For the purpose of the question presented here, but which we do not determine, it might be conceded that the Burnet county court was in error in sustaining the demurrer to the plea, where the court had jurisdiction over the person and the subject-matter of the controversy; such judgment, though erroneous, is never void, but voidable only, and becomes final unless appealed from. Clayton v. Hurt, 88 Tex. 595, 32 S. W. 876; Richardson v. Bean (Tex. Civ. App.) 246 S. W. 1096; Galveston, H. & S. A. R. Co. v. Ware, 74 Tex. 47, 11 S. W. 918; Texas-Mexican Ry. Co. v. Wright, 88 Tex. 346, 31 S. W. 613, 31 L. R. A. 200.

We have concluded the court was not in error in dissolving the temporary injunction theretofore granted and dismissing the case.

The case is affirmed.

HIGGINS, Justice (concurring).

This suit seeks to enjoin the enforcement of a judgment of the county court of Burnet county against appellant for $718.36, rendered August 18, 1932. The basis of the suit is that the judgment is void upon the face of the record for want of jurisdiction over the person of appellant. This suit was filed September 3, 1932. It is thus apparent appellant had notice of the rendition of the judgment shortly after it was rendered and in ample time to prosecute a writ of error to review such judgment. The record upon such writ of error would have disclosed the jurisdictional defect of which appellant complains and would have called for reversal. Having failed to pursue the legal remedy available to him for setting aside the judgment now complained of, appellant is not

entitled to the equitable remedy of injunction which he now seeks. 25 Tex. Jur. p. 640, § 225.

For this reason I concur in the affirmance.

On Motion for Rehearing.

PELPHREY, Chief Justice.

 After a more thorough study of the authorities, I have reached the conclusion that we were in error in our former holding to the effect that the judgment complained of was merely voidable. Such holding appears to be in conflict with our former holding in Eppenauer et al. v. Scruggs et al. 55 S.W.(2d) 254.

It appears to be well settled, however, that there is no error in a court refusing to grant the equitable relief of injunction to a person who has, with knowledge of the fact that a judgment has been rendered against him, failed to exercise his right of appeal.

I therefore, for that reason, concur in the overruling of the motion for rehearing.