**SMITH et al. v. ZENITH CORPORATION.**
No. 3887.

Court of Civil Appeals of Texas. El Paso.
Nov. 16, 1939.

Saunders & Smith, of Tyler, for appellants.

Richard Nicolds, of Longview, for appellee.

HIGGINS, Justice.

Israel Smith filed suit against Zenith Oil Corporation described in the petition as a private corporation, incorporated under the laws of Texas, having its principal office and place of business in the City of Tyler, County of Smith, and alleging that A. D. Swan is President and service may be had upon him at his residence in Tyler, Smith County, Texas. This suit was No. 6364.

The suit was upon an open account for goods, wares and merchandise, alleged to have been sold by Baker Oil Tools, Inc., to the defendant. Smith sued as the assignee of said vendor and sought recovery of the purchase price in the sum of $307.-70. Citation issued directing the officer "to summon A. D. Swan, agent for service of The Zenith Oil Corporation." The citation was served upon A. D. Swan.

On September 8, 1938, judgment by default was rendered in favor of Smith against Zenith Oil Corporation for $307.70, with legal interest from that date. The judgment recites due service. Upon this judgment an execution was issued which was, by the Sheriff of Gregg County, levied upon a mineral interest in a tract of land.

The present suit was brought by the Zenith Corporation, a corporation, against Smith and the Sheriff of Gregg County to enjoin the sale of said mineral interest under the execution and levy aforesaid, and to enjoin the enforcement, or attempted enforcement, of the aforesaid judgment as against the plaintiff.

It was alleged by the plaintiff that there is no judgment against it in favor of Israel Smith in Smith County, Texas, and that plaintiff had never been served with citation in any cause in the County Court of Smith County wherein Israel Smith was plaintiff, and this plaintiff is not and never has been a legal entity having the name of Zenith Oil Corporation. Judgment was rendered in plaintiff's favor granting the relief prayed.

■ There are two defects in the proceedings in cause No. 6364. The first is the misnomer in the name of the plaintiff in the present action. This is a matter which affords no warrant for the relief sought by the appellee. Abilene I. T. & T. Co. v. Williams, 111 Tex. 102, 229 S.W. 847.

The other defect is in the citation issued and served upon Swan, the agent of the plaintiff. In support of its theory that this defect renders the judgment void and an injunction will lie to prevent its enforcement appellee cites and relies upon Gulf, C. & S. F. Ry. Co. v. Rawlins, 80 Tex. 579, 16 S.W. 430; Texas-Mexican Ry. Co. v. Wright, 88 Tex. 346, 31 S.W. 613, 31 L.R.A. 200, and other cases. These authorities have no application upon the present facts.

■ This suit was filed November 23, 1938. Attached to and made a part of the petition is a copy of the execution which was issued in cause No. 6364 and the enforcement of which the appellee seeks to have enjoined. The execution recites the judgment in cause No. 6364 was rendered August 1, 1938, though the judgment as it appears in the statement of facts shows it was rendered September 8, 1938. It is thus apparent appellee had notice of the rendition of the judgment and issuance of execution therein in ample time for it to prosecute a writ of error to review such judgment. The record upon such writ of error would have disclosed the defective citation and would have called for reversal. Having failed to pursue the legal remedy available to it for setting aside the judgment, the appellee is not entitled to the equitable remedy of injunction to enjoin the enforcement of said judgment and the sale of property under the execution issued upon the same. 25 Tex.Jur. p. 640, § 225; Galveston, H. & S. A. Ry. Co. v. Ware, 74 Tex. 47, 11 S.W. 918; Miller v. Burnet Mercantile Co., Tex.Civ.App., 65 S.W.2d 505; Texas-Mexican Ry. Co. v. Wright, supra; Reynolds v. Volunteer S. L. Ins. Co., Tex.Civ.App., 80 S.W.2d 1087.

■ The error in granting the relief sought is an error in law apparent upon the face of the record. It is fundamental and requires reversal and rendition, for it is a matter which cannot be corrected by amendment.

■ There is this further fundamental error apparent upon the face of the record and calling for reversal: The appellant in the court below, appellee here, in its petition did not deny its indebtedness upon the open account sued for by Smith in cause No. 6364. Appellee set up no defense to Smith's suit in said cause. It, therefore, is not entitled to the injunctive relief which it sought. Brown v. Clippinger, 113 Tex. 364, 256 S.W. 254; Humphrey v. Harrell, Tex.Com.App., 29 S.W.2d 963.

For the errors indicated the judgment is reversed and here rendered in favor of appellant.