MUSGROVE v. CHAMBERS.

An injunction to restrain the execution of a judgment of a Justice of the Peace, and to remove the same to the District Court for new trial, will not be granted for error in the decision, where the party, through negligence, has failed to prosecute a *certiorari* within the time prescribed by law.

Appeal from Titus.

*Murray & Mills*, for appellant.

HEMPHILL, CH. J.   This is a proceeding to remove by injunction to the District Court for review and correction a judgment before a magistrate, on a note of hand for thirty-one dollars and twenty-four cents. The controversy was waged before the magistrate to utter extremity, there being three trials, in one of which the appellant was victorious and in the other two defeated.   The appellant charges in his petition for injunction, as he alleged in his pleadings before the Justice, that the note was obtained by deception and fraud, and that certain off-sets to which he was entitled were not allowed him in the settlement which resulted in his liquidating the balance of the note; that the appellee had agreed on the settlement that if all was not right he would make it right, &c.   He further charges that in conformity with the statute he would have applied for a writ of *certiorari*, and not injunction, had the appellee not informed him that he would settle the matter without any further law suit, and continued to deceive him by false promises of payment until the time of taking out the writs of *certiorari* had almost expired, at which time petitioner was taken violently ill, and was utterly unable to attend to business.   If this be true, the appellant exhibited a degree of credulity which is quite extraordinary.   He had charged the appellee

with the basest fraud and deception throughout the transaction, yet believing this, and smarting under the grievances thereby inflicted, he suffered himself to be deluded by further deceptive promises and acts of the appellee until he was barred of a remedy provided by law for the exigencies of his case. This statement carries improbability on its face; but whatever may be the truth of the matter, we are of opinion that this is not a case in which the appellant is entitled to a writ of injunction. It is true that this writ is capable of the most extensive application to subserve the ends of both preventive and remedial justice, but that is no reason why it should be extended to comparatively trivial controversies for which the law has provided another adequate and complete remedy. There may be cases perhaps of great hardship in which, on failure to obtain a *certiorari*, an injunction might be used for the same purpose, but this is not one of them. The whole controversy before the magistrate grew out of the alleged frauds and deceptions of the appellee. Had the appellant exercised prudence, and refused his note until the accounts were properly adjusted, no such controversy could have arisen, and the docket of the District Court cannot be encumbered with the continuance of this litigation on the ground that the appellant had become the victim of still further frauds and deceptions of the appellee. The appellant had his remedy by *certiorari*. This he should have sought in due time, and he has not alleged any reason sufficient, under the circumstances, to entitle him to the writ of injunction. The judgment is consequently affirmed.

Judgment affirmed.