## J. E. H. L. MANNING v. H. C. HUNT, ASSIGNEE, &c.

1. Judgment having been rendered in a justice's court against M., he filed his bill to enjoin the same, and, as excuse for not having pursued his legal remedy by appeal or by *certiorari*, he alleged, in substance, that, some time after the rendition of the judgment—and he was " satisfied" within ninety days thereafter—he employed an attorney to remove the case by *certiorari* to the District Court; that the attorney prepared the petition and undertook to forward it to a neighboring county for the judge's fiat, and petitioner supposed everything was right until informed by the attorney that, from some cause, the petition was not returned " until after the expiration of ninety days from the rendition of the " judgment, without procuring the fiat of the judge, granting the writ." *Held*, that this was not a sufficient showing why the legal remedy was not pursued, and the injunction should not have been granted.
2. When the bankruptcy of a party litigant is suggested, and the assignee in bankruptcy is allowed to become party in his stead, the question whether the person who appears as assignee is in fact the assignee, cannot be raised by demurrer, but only by a sworn plea in abatement.    The cases of Cheatham *v.* Riddle, and Clifton *v.* Lilley, in 12 Texas, do not contravene this ruling.

ERROR from Rusk.    Tried below before the Hon. J. B. Williamson.

The only material facts are indicated in the opinion and head-notes.

*W. W. Morris*, for the plaintiff in error.

*J. H. Jones*, for the defendant in error.

WALKER, J.    The appellant, if he had any wrongs to redress in the justice's court, had a complete remedy at law by appeal or *certiorari*, and the petition for injunction shows no sufficient reason for the loss of his remedy at law.    The injunction should not have been granted.

The appellant himself suggested the bankruptcy of Hamilton, and moved the continuance of the case to make the assignee a

party; he cannot, therefore, complain that Hunt, the assignee, came in and made himself a party.

The question as to Hunt being the assignee of Hamilton, could not be raised by general demurrer, but only by plea in abatement; and the law requires that such a plea should be sworn to. (Article 1, Paschal's Digest.)

The cases of Cheatham *v.* Riddle, and Clifton *v.* Lilley, 12 Texas, do not contravene this doctrine.

We think the judgment of the District Court should be affirmed, and it is accordingly done.

                                                    Affirmed.