## H. C. GARNER ET AL. V. JAMES W. SMITH ET ALS.

1. B. executed, with security, a bail bond in the sum of one thousand dollars, before a district judge, conditioned for his appearance before a justice of the peace to answer a criminal charge. B. failing to appear, his bond was forfeited by the justice, who entered judgment for $1000 *nisi* against the principal and surety, which, after *sci. fa.* and default, was made final. Execution was issued on the judgment and levied upon land, the sale of which was enjoined. The district attorney intervened and claimed a judgment for the State. *Held:* 1. That Article 6284, Paschal's Digest, which confers on justices of the peace power to take forfeitures of bail bonds, is not restricted by Article 6280, but applies to a class of cases not contemplated by the latter article, and which are not restricted as to amount. 2. That the justice of the peace had power to send his warrant to any county in the State, and it was the duty of the proper officer receiving to execute the same. 3. That he had power to forfeit the bail bond when the party failed to appear in accordance with its terms. 4. That a bond executed to secure the appearance of the accused before the magistrate was not the character of bond which the statute required to be returned to the District Court, though the penalty exceeded one hundred dollars. 5. That irregularities in the action of the justice were no ground for injunction while the remedy by appeal or *certiorari* existed. 6. That the judgment of the District Court, dissolving the injunction and rendering judgment in favor of the State against the principal and surety in the bail bond for its amount, with ten per cent. damages for delay, was not error.

2. The power of the District Court to order a sale of the specific property levied on not determined by this opinion, the question not being presented by the assignments of error.

APPEAL from Travis. Tried below before the Hon. J. P. Richardson.

*James H. Burts*, for appellants.—1. The justice of the peace in this cause had no jurisdiction, either of the persons of the defendants or the subject matter of the suit in which judgment was rendered. Consequently the judgment rendered was not voidable only, but absolutely void, and this want of jurisdiction could be taken advantage of at any stage of the proceedings, either before or

after judgment. (Texas Pleading, Section 92, and authorities cited; Gould's Pleading, 236; Wynns & Lawrence v. Underwood, 1 Texas, 48; Sutherland v. De Leon, 1 Texas, 250; Able v. Bloomfield, 6 Texas, 263; Stearley's Appeal, 3 Grant, 270.) This being the law, and appellant Garner having taken the proper course, as appeared from the proceedings, to protect himself from the great wrong perpetrated upon him, the attention of the court is invited to the first assignment of errors: "The court erred in dissolving the injunction in said cause." If we are correct in the position assumed, that "the whole proceeding before the justice was *coram non judice* and utterly void," of which there cannot be the shadow of a doubt, then, instead of dissolving the injunction, as appears from the record was done, the court should have perpetuated the same. Such was the decree demanded by the dictates of right, reason, and the rules of law, equity, and good conscience applicable to the facts of the case. (Burnley v. Cook, 13 Texas, 591; Brundage v. Candle, 25 Texas Sup., 389; Duer v. Police Court of Austin County, 34 Texas, 284; Caruthers v. Hartsfield, 3 Yerger, 366; Elliot *et al.* v. Pinsol *et al.*, 1 Peters' Reports, 340; Hill v. Robertson, 1 Strobhart, 1.)

If the justice's court was a court of limited jurisdiction, and the power to render the judgment enjoined not expressly conferred—and there is no warrant in law for the power to do so, save and except from an uncertain inference from a doubtful expression interpolated by the law-makers in the statute—then, as before stated, the judgment was absolutely void, and could be attacked either directly or indirectly, and, therefore, upon the application of any or all of the parties aggrieved, should be perpetually enjoined for their protection; and the court, not having in this cause entered a decree perpetually enjoining further proceedings on the judgment and execution, committed such an error as should reverse the

judgment of the District Court, and cause the rendering here of such judgment as should have been there rendered. (Bowers v. Green, 1 Scam., 42; Wright v. Warner, 1 Doug., 384; Clark v. Holmes, 1 Doug., 390.)

The statute is plain, that it is only in cases where the injunction is obtained for delay in suits for the collection of money that the court is authorized to assess the ten per cent. damages. (Pas. Dig., Art. 3935; Hammonds v. Belcher, 10 Texas, 273.)

This injunction was obtained, as we have already seen, not for delay, but to restrain the defendants in the injunction suit from proceeding without authority to annoy, vex and harass the appellant Garner on a void judgment and execution, and from clouding the title to his property, and subjecting him to future litigation, costs and trouble. Never was there a case in which the party suing out the writ was more clearly justified. Hence the assessment of damages was manifestly erroneous, and an abuse of the discretion allowed in such cases, and for this the judgment of the court below should be reversed. (Fall v. Ratliff, 10 Texas, 291.)

*Sheeks & Sneed*, for appellees.

REEVES, ASSOCIATE JUSTICE.—On the second day of January, 1872, one R. A. Bround was arrested by the sheriff of Caldwell county by virtue of a warrant issued by James W. Smith, a justice of the peace for Travis county, charging Bround with the theft of two beef steers of the value of $12 each, and taken before Judge Maney, of the twenty-second judicial district, and admitted to bail in the sum of $1000. The bond required Bround to make his personal appearance before Justice Smith, in Travis county, on the fifth day of January thereafter, to answer the charge against him, and there to remain, from day to day, and from term to term, until discharged by

the court. The appellant Bround with other parties signed the bond as sureties for Bround's appearance. By agreement between the district attorney and Bround's attorneys, the examination before Justice Smith was postponed and set for hearing on the twenty-fifth of January, 1872. Bround failing to appear in person, his bond was declared to be forfeited by the justice at the September term of his court, 1872, and judgment *nisi* was taken against him and his sureties in favor of the State of Texas for $1000, according to the terms of the bond.

Bround having failed to make his personal appearance, as required by the *scire facias*, the judgment was made final against Bround, and the appellant Garner, and the other sureties, except Lausen, and as to him the case was dismissed for want of service. Execution having issued on the judgment, it was levied by J. P. Galbreath, a constable of Caldwell county, on the property of appellant Garner, and on his petition the collection of the judgment and further proceedings were enjoined, making the justice of the peace and the constable defendants, who appeared and answered. During the progress of the cause, the State of Texas, on the petition and application of the district attorney of the twenty-seventh judicial district, intervened, claiming to be the owner of the judgment, and was made a party.

At the February term, 1873, the court dissolved the injunction, and rendered a judgment in the name of the State against the appellant and his securities in the injunction bond, for $1000, being the amount of the judgment enjoined, and the further sum of $100 damages as a delay case, and for costs, with an order for the sale of the real estate levied on by virtue of the execution from the justice's court, in satisfaction of the judgment, with further execution if the property was insufficient to pay the debt.

A motion for a new trial being overruled, Garner and

his securities on the injunction bond prosecute this appeal.

The first and principal question in the case is, did the justice of the peace have jurisdiction to declare the forfeiture of the bail bond given by Bround for his appearance before the justice, and enforce payment of the penalty, as was attempted to be done?

The Constitution provides that "Justices of the peace shall have such civil and criminal jurisdiction as shall be provided by law."

In accordance with this provision, the Legislature has, from time to time, enacted laws defining their jurisdiction and duties, both civil and criminal. Their criminal jurisdiction only will be examined in the present case.

The act of August 13, 1870, on this subject, confers jurisdiction on a justice of the peace to issue warrants of arrest against offenders when he has good cause to believe that an offense has been or is about to be committed against the laws of the State; and if the justice has final jurisdiction of the same, he shall proceed to try; otherwise he shall cause the accused to give bond, if the offense is bailable, for his appearance at the next term of the District Court. (Art. 6386, Pas. Dig.) Under Article 6388, the warrant may be executed by any sheriff or constable in any county of the State (or other person in certain cases), wherever the defendant may be found.

They have power to take forfeitures of all bail bonds given for the appearance of any parties at their respective courts under complaints made before them by any citizen in their respective precincts (Article 6284), and to exercise jurisdiction over all matters not enumerated in the act that may be cognizable before a justice of the peace under the laws of the State. (Article 6286.)

Article 6399 provides that "justices of the peace shall be governed by the laws now in force in regard to pro-

ceedings in justice's court in criminal cases, where the same do not conflict with the provisions of this act."

The following propositions may be stated as the result:

1. If the justice has jurisdiction he shall proceed to try the case; otherwise, in a bailable case, he shall take bond for the appearance of the party at the next term of the District Court after examination.

2. Justices of the peace are governed by the laws now in force, when the same do not conflict with the act of 1870 in cases not provided for by that act.

3. They have power to send their warrants to any county in the State, and it is made the duty of the officer to execute the same.

4. They have power to take forfeitures of bail bonds when the party fails to appear and answer the charge against him.

There are many provisions of the Criminal Code relating to the powers of a justice of the peace not in conflict with the provisions of the act of 1870, and therefore in force as provided by that act.

By Article 2702, Paschal's Digest, "the magistrate may, at the request of the prosecutor, or any person representing the State, or of the defendant, postpone for a reasonable time the examination so as to afford an opportunity to procure testimony, but the accused shall in the meanwhile be detained in custody of the sheriff, or other duly authorized officer, unless he give bail to be present from day to day before the magistrate until the examination is concluded, which he may do in all cases except murder and treason."

The authority of a justice of the peace to take an appearance bond, as provided by this article, cannot be doubted. But it is contended that the justice of the peace had no jurisdiction to forfeit the bond and render judgment against Bround and his sureties on the bond

for his appearance before the justice, and that the judgment was void, and that the injunction should have been perpetuated by the District Court.

In support of this position Article 6280 is referred to: "Justices of the peace shall have and exercise jurisdiction to try all suits and actions in behalf of the State, or any county thereof, or any individual, to recover penalties, fines, and forfeitures, where such penalty, fine, or forfeiture shall not exceed one hundred dollars."

It must be apparent that the jurisdiction conferred by this article is not the power, conferred by Article 6284, to take forfeitures of bail bonds for the appearance of parties; it does not restrict the former, but is in addition to it, and applies to a class of cases independent of it and without limitation on the amount.

"They shall have power to take forfeitures of all bail bonds given for the appearance of any parties at their respective courts." Bonds entered into by defendants upon an examination of a criminal accusation, and which bind them to appear before the District Court, are to be returned to that court for its action. But it is not to be supposed that a bond taken by a justice of the peace, sitting as an examining court, and which requires the party to appear for the purpose of an examination, is to be returned to the District Court, though the penalty should be more than one hundred dollars. Such a construction would make the statute inoperative in all cases where justices of the peace have no jurisdiction to finally try the accusation, and leave them without the means of enforcing their jurisdiction—a consequence not to be admitted, but, on the contrary, they may declare the forfeiture and enforce payment of the bond.

The attention of the court is called to the fact that the bond was not taken by the justice himself, but by a district judge, on a hearing on a writ of *habeas corpus*. Appellants contend that this was irregular and not author-

ized by the code, and that the only thing the judge was authorized to do, if he found that Bround was legally restrained of his liberty, was to return him to the custody of the sheriff, to be carried before the justice where he was to be prosecuted.

It appears by the record that Bround, being arrested and in the custody of the sheriff of Caldwell county, under a warrant from Justice Smith, on a charge of theft, was taken before Judge Maney, of the twenty-second judicial district, and admitted to bail in the sum of one thousand dollars, conditioned for his appearance before the justice. The appellants now complain that the bond given by Bround, and which Garner and others signed as his sureties, was not demanded by the accused nor entered into on his motion. He must have applied to the judge for the writ of *habeas corpus* as his voluntary act, and sought and obtained his discharge from custody by giving the bond of which his surety complains. He was admitted to bail by order of the judge, as we think he was authorized to do under the power conferred on district judges by the constitution and laws; and having failed to appear before the justice, as he bound himself to do, there is nothing of which he or his sureties have any just ground to complain.

Another objection is, that if the parties are liable at all, suit should have been brought in the District Court of Caldwell county where the parties reside. The answer to this objection is, that the parties bound themselves for the appearance of Bround before Justice Smith, in Travis county, and that the undertaking was not to be performed in Caldwell county, and was to be enforced by forfeiture of the bond when the condition was broken in the court where he was required to appear.

It is assigned for error that the court erred in dissolving the injunction, and the argument is that it should have been perpetuated because the judgment was void.

We have not been able to come to the conclusion that this judgment was void, but believe, on the contrary, that the subject matter was within the jurisdiction of the court, and that it was rightfully exercised on any of the grounds assigned for error.

Again, it is assigned that the court erred in dismissing the petitition. On the same day this order was made it was amended, and if there was any error in the first entry it was corrected. The injunction was not dissolved by an interlocutory order, when it would have been proper to retain the petition for further hearing, but the cause, both as to the law and facts, was submitted to the court, on petition, answer and exhibits, for final decision without a jury, as shown by the recitals in the judgment.

The fourth and fifth assignments are, "the court erred in rendering judgment against the plaintiffs," and "the court erred in rendering judgment against the sureties on the injunction bond for the amount of the void judgment enjoined."

It does not appear that the court dissolved the injunction, and rendered judgment against appellants, for the reason that there may have been error in awarding the injunction against the justice of the peace and the constable, as might be inferred from the discussion in the brief. The State had intervened by the district attorney, and claimed the judgment as the party in interest, and whatever relief should have been granted on the law and facts of the case, there was no ground to deny it for want of parties. It is true the appellant Garner was only a surety with other parties on the bond which was forfeited in the justice's court, and that the principal in the bail bond was not a party to the injunction suit; but the consequences, if unfavorable to Garner, should not be visited upon the appellees, who were not bound to make him a party, but might look to the principal and sureties in the injunction bond for indemnity. The injunction was not

33

sought on this ground, but for the alleged reason that the forfeited bond and the proceedings based on it were void. If the injunction had been dissolved and the petition dismissed with a writ of *procedendo* to the justice, as insisted upon in one aspect of the case, without a judgment against the principal and sureties in the injunction bond, it would have deprived the appellees of the additional security the law gives for the payment of the debt and damages. (Articles 3935–36; Cook v. De la Garza, 13 Texas, 447; Pryor v. Emerson, 22 Texas, 162.)

If the conclusion arrived at is correct, and no sufficient grounds have been shown for granting the injunction, there was no error in rendering judgment against appellants for damages on the amount of the bond and for costs, as was done by the District Court, and which is presented by the sixth and seventh assignments.

As we have said, the State intervened, claiming to be the owner of the judgment described in the petition, and asking that judgment should be rendered against Garner and his sureties in the injunction bond. The bond was payable to the State, and the State was made a party without objection. The State was the real party in interest, and seems to have been so regarded by the justice of the peace and the constable.

In this state of the pleadings, the court dissolved the injunction and rendered judgment against Garner and the sureties on his injunction bond for the amount of the judgment enjoined, with damages and costs, with an order to sell the real estate, and enforcing the lien obtained by virtue of the execution on the judgment in the justice's court.

The effect of the injunction on this lien, and the order of the court directing the property levied on to be sold, though discussed in the brief, are not assigned as error, and no opinion is expressed on the question. (Article 1591, of the Digest.)

The injunction restrained the collection of money, and the court was authorized to assess the damages on the dissolution of the injunction, if satisfied that it was obtained for delay only. (Article 3935, of the Digest.)

The alleged irregularities in the proceedings in the justice's court, if shown to exist, were no sufficient grounds for an injunction. The party had a complete remedy by appeal or *certiorari*, and no reason is shown why that remedy was not resorted to. (Musgrove v. Chambers, 12 Texas, 32; McNeill v. Hallmark, 28 Texas, 157; Manning v. Hunt, 36 Texas, 118.)

The principal ground relied on for the injunction, and discussed in the brief, is, that the justice's judgment was void; and failing in that, there is no good or valid defense to the merits.

In answer to appellant's objection that there are two judgments for the same demand, it may be said there can be but one satisfaction. This objection is not assigned for error, or raised by the pleadings in such form as to require a ruling on the question. Appellants were seeking to have the injunction restraining the collection of the justice's judgment made perpetual, and nothing but that seems to have been desired or attempted during the progress of the cause or on its final determination in the District Court. This disposes of the other assignments; and there being no error in the judgment, it is affirmed.

AFFIRMED.