## MARQUIS et al. v. REED et ux.

### No. 9634.

Court of Civil Appeals of Texas. Galveston.
Jan. 4, 1932.

Rehearing Denied Feb. 4, 1932.

Lipper & Insirilo, of Houston, for appellants.

E. H. Cavin, of Houston, for appellees.

LANE, J.

This suit was instituted in the district court of Harris county, Tex., against Grace W. Broyles to enforce specific performance of a written contract alleged to have been entered into between the plaintiffs and the defendant.

Upon trial of the cause on the 25th day of February, 1930, before the court without a jury, judgment was rendered for the plaintiffs, but the same was not entered of record until the 2d day of July, 1930. Such judgment was reformed and entry of record made thereof on the 26th of July, 1930. On the 5th day of August defendant filed her motion for a new trial, and on the 25th day of August, 1930, she filed her amended motion for a new trial; on the 11th day of October, 1930, 47 days after the filing of the amended motion, it was by the court refused.

The defendant requested the court in writing, in due time, to file his finding of facts and conclusions of law. No such finding was made by the court.

Appellant has appealed from the judgment, and in this court is asking that this judgment be reversed and the cause remanded because of the failure of the court to make and file the requested findings.

■ Appellees have filed in this court a motion asking that the appeal be dismissed upon the grounds that the trial court was at all times, during the proceedings in question, governed by the provisions of chapter 6 of title 42 of the Revised Civil Statutes of Texas of 1925, and by article 2092 and the several subdivisions thereof; that by subdivision 28 of said article (as amended by Acts 1930, 5th Called Sess. c. 70, § 1 [Vernon's Ann. Civ. St. art. 2092, subd. 28), it is provided that all motions and amended motions for new trial must be determined within not exceeding 45 days after the original or amended motion is filed, unless, by written agreement of the parties filed in the case, the decision of the motion is postponed to a later date; that the provision that such motions must be determined within not less than 45 days is mandatory, and that, in case such motions are not determined within 45 days after they are filed, the judgment becomes final, from which no appeal will lie; that it cannot be set aside in the trial court, except by bill of review for sufficient cause, filed within the time allowed by law for the filing of bills of review in other district courts.

We overrule appellees' motion. In a very exhaustive opinion upon the question presented in the motion, Chief Justice Cureton, of our Supreme Court, in the case of Nevitt v. Wilson, 116 Tex. 29, 285 S. W. 1079, 1083, 48 A. L. R. 355, referred to the case of Townes v. Lattimore, 114 Tex. 511, 272 S. W. 435, and among other things said:

"In the last case cited we held that, if the motion for new trial was filed within the time prescribed by subdivision 29, quoted above, the jurisdiction of the court to dispose of the motion extended for 45 days thereafter, but declined to pass on the question as to whether or not the extension was beyond the 45-day period, because such issue was not involved in that case. It is involved in the instant case, and we have concluded that jurisdiction to act on a motion filed within the statutory period extends until the motion is acted upon, even though this is after the expiration of 45 days from its filing.

"The rule is an elementary one, old in the history of English jurisprudence, that a trial court, in virtue of its inherent power as a court, can grant new trials as long as it has jurisdiction of the cause. Townes v. Lattimore, supra; Freeman on Judgments (5th Ed.) vol. 1, §§ 194, 195. As a corollary to this it follows that statutes governing new trials will not be construed as attempting to abridge this inherent power when they manifest no intention to do so. Freeman, vol. 1, § 195, p. 380; Cohen v. Moore, 101 Tex. 45, 47, 104 S. W. 1053. The statutes before us evidence no purpose to put an end to the jurisdiction of the court at the end of 45 days when a statutory motion for new trial has been filed. They do not say that the court may not thereafter act on the motion."

In speaking directly of subdivision 28 of said article 2092, Judge Cureton said: "Subdivision 28 within itself clearly shows the court does not lose jurisdiction at the end of the 45-day period, for it expressly declares that by written agreement of the parties, filed in the case, the decision of the motion may be postponed to a later date. The authorization of such agreement must be construed as a plain statutory recognition of the patent fact that the court has jurisdiction not only to postpone action on the motion, but to postpone it to a period beyond the 45-day limit insisted on, and after the expiration of that limit to grant a new trial."

In view of the opinion of the Supreme Court mentioned and the numerous authorities therein cited, we must hold that appellees' motion to dismiss is not well taken and must be refused.

The cause before us is on appeal without any statement of facts, and, it being shown that, though properly requested to file his findings of facts and conclusions of law, the court wholly failed to so do, it becomes our duty to reverse the judgment and to remand the cause, and it is accordingly so ordered.

Reversed and remanded.