**FIDELITY TRUST CO. OF HOUSTON et al. v. HIGHLAND FARMS COR-PORATION et al.**

**CULLINAN et al. v. SAME.**

Nos. 10378, 10527.

Court of Civil Appeals of Texas. Galveston.
Aug. 2, 1937.

Motion for Rehearing Denied Oct. 14, 1937.

Campbell, Myer & Myer, J. Y. Powell, and R. C. Patterson, all of Houston, for appellant Fidelity Trust Co.

T. J. Arnold, of Houston, for appellants J. S. Cullinan et al.

Fulbright, Crooker & Freeman, C. A. Leddy, Kendall & Lawler, and Wayne C. Depew, all of Houston, for appellees.

CODY, Justice.

Two appeals, that have arisen out of actions concerning a judgment rendered in the district court of Harris county, Eleventh judicial district, on November 23, 1933, in cause No. C-204,961, on its docket, are before us for determination, and have been here consolidated. These actions were, of course, instituted in said district court after the rendition of such judgment; and were instituted after a mandamus proceeding had been determined in our Supreme Court, wherein it was determined that the end of the term, as to the case in which the judgment of November 23, 1933, was rendered, had expired before the motion for a new trial had been acted on; so. that the action of the trial judge in setting such judgment aside was a nullity, and such judgment was held by our Supreme Court to be in full force and effect; and the writ of mandamus to carry such judgment into effect by execution as prayed for in such proceeding was issued by the Supreme Court. Highland Farms Corporation v. Fidelity Trust Co., 125 Tex. 474, 82 S.W.(2d) 627.

In a supplemental motion filed by the Fidelity Trust Company of Houston, in its individual capacity and as trustee, in the mandamus case, the Supreme Court was informed that said appellants (the parties on this appeal refer to the Fidelity Trust Company of Houston, individually and trustee, as though it were two different entities, which practice we follow for convenience though we see no sufficient legal grounds for so doing) so far had prepared and were filing a suit in the district court of Harris county seeking to set aside, on equitable grounds, the judgment rendered against them in cause No. C-204,961, a copy of such bill or petition being presented to the court, and requesting the court, in the event it overruled the motion for rehearing, to do so without prejudice to appellants' right · to bring such equitable action. The Supreme Court overruled such motion without comment.

Thereafter the appellants, the trust company (as stated, we are following the practice of the parties in speaking of the trust company in its individual and in its trust capacities as though it were two different entities) filed the petition in the nature of a bill of review, which it had theretofore advised 'the Supreme Court it was going to file. This petition for bill of review and to set aside the judgment rendered in cause No. C-204,961, covers over 130 pages in the transcript; boiled down it alleges that the Highland Farms Corporation (hereafter sometimes called the Highland) had given to the trust company an issue of its 7 per cent. ten-year gold bonds in the principal sum of $200,000, the payment of which it had secured by a deed of trust covering certain commercial paper, contracts for the sale of land, and land. That the bonds of such issue were sold to various parties, but at the time they became in default and when the trust company filed suit to enforce their payment and to foreclose the deed of trust lien securing their payment, they were all owned by the trust company, by J. S. Cullinan, and the Petroleum Building Company. This suit was brought against the Highland, and W. D. Haden Company (to which there had been deeded certain portions of the land covered by the deed of trust lien), which suit was numbered on the docket of the district court of Harris county, No. C-204,961.

This petition sets forth the pleadings on which the parties went to trial in cause No. C-204,961, in his verbis, including those of J. S. Cullinan and Petroleum Building, who were made parties to the suit by the cross-action of the Highland (Mr. Cullinan, the Petroleum Building Company, and the trust company were all represented in cause No. C-204,961 by the same counsel). This petition for bill of review also set out the judgment rendered on November 23, 1933, which was rendered on the verdict of the jury in response to submitted special issues. The jury found that the loan represented by the bonds sued on by the trust company was usurious, that the Highland had suffered damages because

of such usurious practice in the sum of $90,000, and awarded exemplary damages in the sum of $10,000. The judgment, on the verdict in question, after allowing credits to the Highland on account of the usury found, was rendered against the trust company, individually and as trustee, for the sum of $42,050.95, together with interests and costs, and expressly extinguished the deed of trust and all bonds sued upon, and commended the delivery of such bonds outstanding, held by the trust company to the Highland, and vested title to certain specified properties in the Highland. (The judgment, as it affected the bonds held by Mr. Cullinan and the Petroleum Building Company, will be quoted hereinafter in his verbis, when we come to treat of the appeal of Mr. Cullinan and of the Petroleum Building Company.)

The petition for bill of review then proceeds to set forth the portion of the motion for new trial, being paragraphs 91–94, inclusive, wherein it was complained that the judgment had been rendered as a result of misconduct on the part of the jury in the nature of a trade or agreement by which the amount of damages allowed was fixed. And it was further alleged that on December 22, 1933, the motion for a new trial was presented to the court and the jurors examined with reference to the alleged misconduct, when it appeared that the testimony of the jurors with reference to the alleged misconduct was in conflict. And on the date of such hearing, that the court entered an order that, by agreement of the parties, the further consideration of the motion for new trial should be postponed until January 19, 1934; that on the last-mentioned date the parties made a written agreement to defer further hearing until the week of January 22, 1934, on a day to be selected by the court, which order was approved by the attorneys of the parties, and a written agreement to the same effect was executed by the parties through their attorneys.

The petition for bill of review further alleges that the trust company's attorneys were in constant touch with the court during the week of January 22, 1934, requesting him to act on the motion, which the court failed and refused to do because he had other court business which required his attention; and that thereafter said attorneys repeatedly and continuously conferred with Judge Ashe, requesting him to act on the motion for new trial, and that the attorneys for the Highland also

requested him to act on such motion; and that on one occasion Mr. Kendall, attorney for the Highland, and Mr. Patterson, attorney for the trust company, by appointment went to Judge Ashe to ascertain when the motion would be acted on, and were assured by him that he expected to rule on the motion shortly, that the date this occurred was within sixty days of June 8, 1934; and that at no time from December 22, 1933, until the motion was acted upon on June 8, 1934, did the attorneys relax their diligence to obtain a decision on their motion for a new trial, and were repeatedly assured by the judge that he would act on the motion as soon as it could be disposed of in view of the necessity of reviewing the testimony touching the misconduct of the jury, and in view of the court's other pressing duties.

The petition for bill of review further alleges that from December 22, 1933, until May 28, 1934, the attorneys for the Highland were constantly advised that the judge and the attorneys for the trust company regarded the motion for new trial as pending before the court undetermined; and that at all times subsequent to January 19, 1934, the judge and the attorneys for the trust company were relying upon the agreement of July 19, 1934, as sufficient in law to authorize the court during the term, to act on the motion; and that at no time prior to May 28, 1934, did the attorneys for the Highland suggest that the interpretation placed on the agreement of January 19, was erroneous, or that they did not concur therein, and such was their express attitude until May 28, 1934, when they delivered a letter to the attorneys for the trust company wherein they contended that the time for further proceedings in the district court had expired, and that the decree rendered November 23, 1933, was final. Further it was alleged that on June 8, 1934, the court finally ruled on the motion for new trial, granted it, setting aside the judgment of November 23, 1933.

The petition for bill of review then sets forth the institution by the Highland of the mandamus proceedings in the Supreme Court and the outcome of such proceeding as is herein above stated, and that in obedience to the order of the Supreme Court, Judge Ashe had set aside his order of June 8, 1934, granting a new trial; and that the clerk of the court in obedience to the mandate of the Supreme Court had issued a writ of execution to enforce the

judgments rendered November 23, 1933, and on June 29, 1935, the sheriff levied such execution on certain properties of the plaintiffs, and will sell same unless enjoined from doing so. The petition for bill of review then alleges in detail plaintiffs' want of any remedy at law, and as additional grounds for bill of review alleges: That at the time in question, subdivision 28 of article 2092, as amended by Acts 1930, 5th Called Sess., c. 70, § 1 (Vernon's Ann.Civ.St. art. 2092, subd. 28), had never been construed by any of the appellate courts where an agreement was made between the parties to postpone the decision on a motion for a new trial as provided in such subdivision. That prior to the subdivision's amendment the Supreme Court had held the provision thereof with reference to determining a motion within forty-five days in the absence of an agreement was directory and not mandatory. That after the amendment which had changed the word "shall" to "must," the Galveston Court of Civil Appeals had construed the provision requiring the decision of a motion for a new trial within forty-five days as directory and not mandatory, and the Supreme Court had approved such ruling by refusing a writ of error; that the Texarkana Court of Civil Appeals had held that the provisions of said subdivision 28 were mandatory and not directory and the Supreme Court had granted a writ of error to this holding, thereby in effect disapproving of this latter holding.

The petition for bill of review then alleges that had plaintiffs perfected an appeal within thirty days of the week of January 22, 1934, or sued out a writ of error within six months, they would have had no adequate remedy because every finding of fact necessary to support the judgment of November 23, 1933, would have been indulged in the appellate court, which would have included the finding that the jury was not guilty of misconduct, which was contrary to the truth as determined by Judge Ashe. And plaintiffs would have been denied their right to a fair and impartial trial under article 1, § 15, which requires the Legislature to enact such laws as may be necessary to maintain the purity and efficiency of jury trials; and that the judgment in question violated the Constitution and is therefore a nullity. Plaintiffs further allege their diligence and absence of negligence, and that the enforcement of the judgment will deprive them of their property without due process of law against the Fourteenth amendment of the Federal Constitution as well as against article 1, § 15, of the State Constitution. They further allege that the matters set forth in their petition for bill of review, especially with reference to the misconduct of the jury as depriving them of their property without due process of law were not in issue in the mandamus proceeding before the Supreme Court. Then they make the usual allegations as to having a just cause of action and of the probable different result of a new trial from that in cause No. C-204,961; they allege that the Highland and the W. D. Haden Company are financially irresponsible, and make an appropriate prayer for relief, including an injunction prohibiting the sheriff levying execution.

Sheriff T. A. Binford made formal answer that he was without interest in the suit other than his desire to obey the orders of the court, conformably to duty.

The defendant Highland, on the date fixed for hearing on the temporary injunction, moved for the dismissal of the suit, giving as reasons:

(1) Because the facts alleged are insufficient to entitle plaintiffs to the relief prayed for, and because all the matters set up in the petition were involved in the mandamus proceeding before the Supreme Court.

(2) Because in the mandamus proceeding in the Supreme Court, on the plaintiffs' motion for rehearing therein, they filed a copy of their petition filed in this cause, and requested the Supreme Court that a writ of mandamus be issued without prejudice to the plaintiffs to prosecute a bill of review in this case; that notwithstanding which the Supreme Court unconditionally overruled said motion for rehearing.

(3) Because the Supreme Court had expressly found on undisputed facts that the failure of plaintiffs to take an appeal from the judgment of November 23, 1933, was due to their mistake of law in construing article 2092 to be directory, and denied plaintiffs any relief, and that the judgment of the Supreme Court is res adjudicata of the issues raised by the bill of review.

(4) It also appears that the Highland, in support of its motion to dismiss, introduced the proceeding in the Supreme Court referred to, the order of the district court in compliance with the writ of mandamus issued by the Supreme Court, and the testimony of the jurors on the hearing of the motion for new trial in the district court.

The court below granted the motion, dismissed the suit, and the Fidelity in both its capacities, Mr. Cullinan, and the Petroleum Building Company appeal.

■ The claim of the Fidelity, that the written agreement that the motion for new trial should be heard during the week of January 22, 1934, was an agreement made in the light of their mutual mistake as to the proper construction of subdivision 28, art. 2092, and that therefore, in light of such mutual mistake the true meaning of such agreement was, and that the minds of the parties met, to extend the time in which the trial court should act on the motion for new trial to any date prior to the close of the term, was passed on by the Supreme Court in the mandamus suit in these words:

"There being no ambiguity in the agreement, resort cannot be had .to an interpretation given by the parties to the terms of the agreement in order to prove a construction contrary to the plain meaning." Citing authorities. Highland Farms Corporation v. Fidelity Trust Co., 125 Tex. 474, 82 S.W.(2d) 627, at page 630.

In the light of that holding, neither could the trial court nor can this court permit this point to be relitigated between the parties. Rio Bravo Oil Co. v. Hebert (Tex. Sup.) 106 S.W.(2d) 242.

■ While, by the terms of subdivision 28, art. 2092, the right by bill of review to attack a judgment that has become final because the term of the court as to such case was at end is expressly reserved; yet it is obvious that one seeking to qualify to avail himself of the remedy of a bill of review must bring himself within the conditions which warrant resort to such remedy. When the judgment in cause No. C-204,961 became final, due to the fact that, as to that case, the term of the court was at an end, the Highland and W. D. Haden Company acquired a vested right which could be taken away only by appellants showing that they themselves were prevented from having the judgments set aside before it became final by fraud, accident, or the wrongful acts of the opposing parties, unmixed with any fault or negligence of their own. Stewart v. Byrne (Tex.Com.App.) 42 S.W.(2d) 234; Smith v. Ferrell (Tex.Com. App.) 44 S.W.(2d) 962.

■ The allegations of the bill of review, other than those relating to the true intent and meaning of the agreement of January 19, 1934, add up to this: That while the trial judge was diligently urged to rule on the motion for new trial but that he was never advised that subdivision 28 of article 2092 had been amended so as to make the term of his courts in that case end thirty days after the week of January 22, 1934; he was not so advised because he and all parties had failed to take notice of the change wrought in the meaning of the provision by the amendment of 1930. But the amended subdivision as shown in the official copy of the statute which reflects the emergency clause [section 2 of the act of 1930] is not difficult to interpret, as having been changed in its meaning from that which the subdivision was found by the Supreme Court to have in Nevitt v. Wilson, 116 Tex. 29, 285 S.W. 1079, 48 A.L.R. 355, and Townes v. Lattimore, 114 Tex. 511, 272 S.W. 435 (which had construed the subdivision to be directory and not mandatory), because the Legislature in amending the subdivision stated in the emergency clause (section 2) that the amendment was necessary in order to make it mandatory, in view of the fact that the Supreme Court in the two cases just mentioned had held it to be merely directory.

While it is true that this court stated in Marquis v. Reed (Tex.Civ.App.) 46 S.W. (2d) 711, that the amended subdivision was directory and not mandatory, it also expressly based such holding on Nevitt v. Wilson, supra, and on Townes v. Lattimore, supra, whereas the reason given by the Legislature for amending the subdivision in 1930 was because in those two cases it has been held merely directory. And in Thomas v. Murphy (Tex.Civ.App.) 70 S.W.(2d) 1020, it was explained that it was not called to the court's attention in the Marquis Case that any change had been made, and that the statute as now worded was neither considered nor construed in that case. And indeed the language used in the opinion in the Marquis Case is consistent only with the fact that the statute as now worded was not called to the court's attention, and so was neither considered nor construed. But in no event can the holding of this court in the Thomas Case (that the effect of the statute as now worded is to change it so to make mandatory action on motions for new trials within the time limited), nor that of our Supreme Court in other cases, be justly considered a "recharting" of the judicial course with reference to the construction of the amended subdivision. The "recharting" was done by the Legislature.

It is not where a court adheres to the construction placed on a statute before it was amended, simply because its attention has not been called to the fact of the different wording imported into the statute after amendment, that the principle applies that a litigant must not be prejudiced because the courts have seen fit to "rechart" the judicial course with reference thereto. Furthermore, we believe that the Supreme Court necessarily decided this point against appellants in the mandamus proceeding by ordering the enforcement of the judgment.

We will not undertake to pass on whether it is now too late for appellants to raise the federal question of the alleged violation of their rights under section 1 of the Fourteenth Amendment of the United States Constitution. Indeed, we believe it would be impudent on our part to give an opinion on whether or not the Supreme Court of the United States ought to take jurisdiction over this case. But we are convinced that there is nothing in subdivision 28 of article 2092 that is obnoxious to the Fourteenth Amendment. Because of the peculiar situation in Harris county, and certain other counties of the state in which litigation is very heavy, it became necessary to provide for the district courts to be always in session. But the practice act regulating the practice in the district courts in these counties had to take into account the constitutional (article 5, § 7) requirement that every district court should have at least two terms in each year; and it also had to make such provision for the finality of judgments, which in other courts result from the expiration of court term. The provision of subdivision 28, article 2092, which requires the court to act on the motion for new trial within the time therein specified, simply has the legal effect of concluding the term of the court as to that case, and thus give finality to the judgment. It is apparent then that subdivision 28, article 2092, does not deprive litigants of their property without due process of law, but is a provision necessary to the orderly discharge of the business of district courts in such counties as Harris.

After careful consideration it seems to us that appellants have raised and ought to have raised in the mandamus proceeding as grounds why a writ of mandamus should not issue, all the points which they are urging in this action as grounds why a bill of review should lie. This is a hard case. However, we are not authorized for that reason to relax the requirements that must be complied with in order for appellants to show themselves entitled to a bill of review.

So far little has been said as to the situation of Mr. Cullinan and the Petroleum Building Company, and the opinion is already overly long. These two appellants were brought into the suit on the cross-action of the Highland against them and the Fidelity, individually and as trustee. The cross-action alleged that Mr. Cullinan and the Petroleum Building Company were co-conspirators with the Fidelity in collecting usury from the Highland and in committing the injuries alleged to have been suffered by it.

From the judgment in the case it appears that at the close of the evidence in chief the court overruled a motion for an instructed verdict in favor of the Fidelity, but sustained a motion for an instructed verdict in favor of Mr. Cullinan and Petroleum Building Company. This occurred in July, before judgment was entered in November, 1933. The judgment contained the following language carrying into effect such order of dismissal:

"And the cross defendants, J. S. Cullinan and the Petroleum Building Company, then and there moved the Court to instruct a verdict in their favor against cross-plaintiff, Highland Farms Corporation, on the ground that the evidence offered on the trial of this case by cross-plaintiff was insufficient in law to authorize a judgment in favor of cross-plaintiff, Highland Farms Corporation, against either J. S. Cullinan or the Petroleum Building Company; and the court having considered said motions, sustained the same, and it is here now 'Ordered, adjudged and decreed that cross-plaintiff, Highland Farms Corporation, take nothing either on its cross-action for damages against cross-defendant, J. S. Cullinan, or on its cross-actions against J. S. Cullinan and the Petroleum Building Company on account of usury, and that they be dismissed from the suit, to which action of the court the cross-plaintiff, Highland Farms Corporation, then and there in open court excepted.'

"Thereafter, the case proceeded further in the evidence, and all parties having rested, the motion for instructed verdict on the part of the cross-defendant, Fidelity

Trust Company of Houston, was renewed, and again overruled, to which action the cross-defendant, Fidelity Trust Company of Houston then and there in open court excepted. The court then charged the jury, and submitted to the jury the following Special Issues."

The judgment then, after reciting the receipt by the court of the verdict on August 5, 1933, that it was ordered filed, "and the court proceeded to judgment upon all matters in this case and upon said verdict as follows:"

"It is Ordered, Adjudged and Decreed:

"1. * * *
"2. * * *
"3. * * *
"4. * * *
"5. * * *
"6. * * *

"7. That the mortgage and deed of trust sued on by the Fidelity Trust Company of Houston, dated February 11, 1929, of record in Vol. 446, at pages 229, etc., of the Mortgage Records of Harris County, 'Texas, be, and is completely extinguished and that the same is now cancelled and forever held for naught, together with all bonds sued on, and that the Fidelity Trust Company, Individually and as Trustee, J. S. Cullinan and the Petroleum Building Company, their officers, agents and attorneys, and all persons holding by, through, or claiming under them, are hereby forever enjoined and prohibited from, in any way, enforcing the same, and that the Fidelity Trust Company of Houston as Trustee and individually, J. S. Cullinan and the Petroleum Building Company, duly deliver to the Highland Farms Corporation all of such bonds respectively held by them, and that the Fidelity Trust Company of Houston, Trustee, duly deliver to the Highland Farms Corporation all those notes, claims and contracts now held by it and pledged to it by the Highland Farms Corporation under, by and through said mortgage, to-wit: All as more particularly set out in Sections 1 and 11 of Exhibit B to plaintiff's First Amended Original Petition herein, below copied; and all moneys which it may or may have collected thereon, not disposed of or accounted for above."

The contention of appellants Cullinan and Petroleum Building Company is that they were dismissed from the case in July, 1933, during the process of trial; hence the trial court was without jurisdiction to enter so much of the judgment comprised in paragraph 7 of the judgment hereinabove quoted. They do not state that they did not know of the terms of such judgment, and as they were represented by the same counsel as represented the Fidelity, it seems clear they did have knowledge of it. If their contention that so much of the judgment as constitutes said paragraph 7 is void—void in the sense of a mere nullity—is well founded, then it will have to be sustained.

However, it is clear from the pleading of the Highland that its suit against Mr. Cullinan and the Petroleum Building Company was asked to be considered by the court only in case it should be held that the Fidelity did not represent them in the case, in so far as their ownership of the bonds was concerned. The dismissal then, by the court, of these two appellants did not amount to an adjudication that the Fidelity did not represent them in such suit to the extent of their interest in the bonds. And the form of the judgment in paragraph 7 shows that the court did decree that the Fidelity did represent said appellants' interest in the bonds sued on by it for them. So far as the record in this case shows, these appellants acquiesced in this view. They did not appeal from the judgment, and unless the judgment of the court as regards them is absolutely void, a pure nullity, they can be relieved against it only on such terms as a court of equity will relieve against a judgment in cases where a bill of review is appropriate. Pass v. Ray (Tex.Civ.App.) 44 S.W.(2d) 470; 25 Tex.Jur. 640. In Galveston H. & S. A. Ry. Co. v. Ware, 74 Tex. 47, 11 S.W. 918, 919, our Supreme Court, speaking through Judge Gaines, said:

"In Fitzhugh v. Orton, 12 Tex. 4; Musgrove v. Chambers, 12 Tex. 32; Long v. Smith, 39 Tex. 161; Manning v. Hunt, 36 Tex. 118,—the plaintiffs were denied relief by injunction because they had a remedy by appeal or certiorari, but the judgments which were sought to be enjoined in those cases were not void. We are of opinion, however, that the general rule of equity should apply; and that if the defendant in the void judgment has had an opportunity to avail himself of a legal remedy to vacate it, and has neglected to make use of it, relief by injunction should be denied him."

See, also, Cohran v. Fischer (Tex.Civ.App.) 61 S.W.(2d) 577; Miller v. Burnett Mercantile Co. (Tex.Civ.App.) 65 S.W.(2d) 505.

While it is true that some of our courts, including our Supreme Court, have stated that equity will not relieve against voidable or even void judgments where the complaining party might have appealed, or pursued some other adequate remedy at law, vid. Texas-Mexican Ry. Co. v. Wright (Tex.Civ.App.) 29 S.W. 1134; Givens v. Delprat, 28 Tex.Civ.App. 363, 67 S.W. 424, 425; Mills v. Disney (Tex.Civ.App.) 54 S.W.(2d) 596, it will be found that in each of such cases the judgment was one which the court had at least potential jurisdiction to render. If the judgment is an absolute nullity, and so shown on its face, so that it requires no proof of matters dehors the record, no right could be based on it; and there is no basic reason why either courts of law or equity should not protect against trespasses made under color of an execution based on it. But that is not the case here. On its face the judgment appears regular. And to be relieved against it the appellants must allege facts which will entitle them to the intervention of a court of equity as in cases for bills of review. This appellants have not done.

We believe this is an attempt on the part of appellants to relitigate matters which have been litigated, and necessarily passed on by the Supreme Court, including the defective description of the bonds made in the judgment. And we believe the trial court, if it had not dismissed the suit, could have been prohibited by a writ from the Supreme Court from further entertaining a suit covering matters which the Supreme Court had passed on in the mandamus proceeding. Rio Bravo Oil Co. v. Hebert (Tex.Sup.) 106 S.W. (2d) 242. What it could have been made to do by the Supreme Court it can do voluntarily.

 We therefore conclude the trial court did not err, and the assignments of error to its action in dismissing the suit are overruled; and we also believe it was authorized to require Mr. Cullinan and the building company to surrender their bonds, and that the description of the bonds in the judgment was adequate so that the parties could identify them. And the parties have so done.

Judgment of the trial court affirmed.